## HENRIETTA M. WILLSON et al. *vs.* NORA B. BLOUNT et al.

*Specific Performance—Agreement among Heirs as to Conveyance of Property—Mode of Paying Purchase-Money.*

An agreement was made among the heirs of a decedent by which the defendant agreed to accept a conveyance of the interests of the plaintiffs—her co-heirs—in certain real property, and to credit on her share of decedent's estate a designated sum therefor. The agreement also provided that in the event of the defendant's refusal to accept the property within ten days, the same should be sold at auction. Upon a bill for specific performance the evidence showed that the defendant had accepted the property by exercising acts of ownership over it, but subsequently repudiated the agreement, and that a properly executed deed was tendered by the plaintiffs. *Held,* .

1st. That since the defendant had once exercised her option to accept the property within the time limited, she cannot now reject it, and that the contract is such as equity will specifically enforce.

2nd. That since the purchase-money was to be paid out of defendant's share of the decedent's estate, the decree should not direct payment thereof by the defendant, until the administrator had collected funds, distributable to the defendant, sufficient for the payment thereof.

Appeal from a decree of the Circuit Court for Kent County (Pearce, C. J.)

The cause was argued before McSherry, C. J., Fowler, Briscoe, Boyd, Schmucker and Jones, JJ.

*Richard D. Hynson,* for the appellants.

*James P. Gorter* and *Hope H. Barroll,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed by the appellees on the 29th of January, 1900, in the Circuit Court for Kent County, for the specific performance of an agreement for the sale of land by the appellees to the appellant, Henrietta M. Willson. The terms and conditions of the agreement are these : "This agreement witnesseth, that the said parties of the first part do hereby covenant and agree with the parties of the second part, that they will sell and convey to the said Henrietta M. Willson, by a good and sufficient deed all their right, title and interest of, in and to, said real estate for the sum of eight hundred dollars, provided, the said Henrietta M. Willson and Dr. Thomas B. Willson, shall agree to accept said real estate at that amount and to allow the same to be credited on her share or portion in the estate of the said Ann E. Willson, deceased, and on her failure or refusal to accept the same within ten days from this date under the foregoing conditions the said real estate is to be sold at public sale by such person or persons as the said Nora B. Blount, Henrietta M. Willson, Alice J. Willson, Anna M. Willson and Emma C. Sutton, or a majority of them, may designate."

The defenses set up in the answer and relied upon by the appellents, are, *first,* that they never accepted the real estate within the time specified in the agreement ; *second,* that not being able to obtain possession of the property, the contract was rescinded by them on or before the first of January, 1900; *third,* that they were willing to accept the property, but two of the appellees, Sutton and wife, refused to surrender possession and to deliver a deed of the property, according to the terms of the agreement.

The Court below decreed a specific performance of the agreement and from the decree, this appeal has been taken.

There can be no difficulty about the well-established principles of law governing a case of this character. It is manifest

from an examination of the contract that its terms are fair and reasonable, and it is founded on an adequate consideration. It is mutual and equal in all its parts and there is no circumstance of suspicion, as to its *bona fides*.

There can be no question, we think, that the appellant accepted the property, here in controversy, under the terms of the contract,   We find from the evidence that she not only on the 16th of November, 1899, advertised the property "for sale or rent," over her own name, in "the Chestertown Transcript" and the "Kent News," two weekly newspapers published in Kent County, but according to her own testimony, she admitted that long after the date of the contract she ordered repairs to be put on the property, and also agreed to rent it for the year 1900.   She also admitted that she offered to sell it.   In answer to the question, "If Mr. Kilbourn had paid $1,100 for the property there would never have been this trouble, would there," she replied, "If Mr. Kilbourn had given me $1,100 I would have sued for a deed. If I had received $1,100 I might have felt justified in going to Court for a deed."

According then to the appellant's own testimony she agreed to accept the property, as provided by the terms of the agreement, and it was not until sometime in December, 1899, that she began to do acts looking to a repudiation of the contract. She admits in her testimony that no notice was given the plaintiffs of her refusal to comply with the terms of the agreement, until January 10th, 1900, when she refused to receive the keys and declined to take possession of the property.

The appellees appear to have fully performed all that the contract required to be done by them.   By an agreement filed in the case, Mr. Hynson, as counsel, prepared a deed at the appellants request and sent it to be executed by Mrs. Blount, one of the appellees.   The same deed was executed and acknowledged by three of the appellees on the 24th of June, 1899, and by another on the 1st of July, 1899.   The deed was afterwards sent, in the month of October of the same year, to Mr. and Mrs. Sutton, who, through a mistake signed the acknowledgement, and not the deed,.   This defect was

subsequently corrected and the deed was properly executed by them. There is no claim that either of the appellees, except Mr. and Mrs. Sutton, ever declined to perform the contract, and the appellants contention as to these two, is not sustained by the evidence.

It is clear, we think, from the evidence that the appellants agreed to accept the real estate at the sum of $800 within the time stated by the agreement and having thus elected to take it, they had no right to rescind the contract. The appellees having performed their part of the contract and having tendered "a good and sufficient deed" for their right, title and interest in the property agreed to be sold are entitled under the facts of the case, to the relief prayed in their bill.

But it is contended upon the part of the appellants, that the decree of the Circuit Court for Kent County is erroneous, and should be reversed, because it directs the payment of the sum of $200 with interest from January 1st, 1900, to each of the appellees, whereas the contract provided that the appellants shall allow the same to be credited on Mrs. Willson's share or portion, in the estate of her mother, Ann E. Willson, deceased. There was error in the decree appealed from, if the assets had not been collected by the administrator, in providing that the defendant, Henrietta M. Willson, within thirty days from the date of the decree pay to the plaintiffs the sum of two hundred dollars with interest from January 1st, 1900. According to the terms of the contract the sum of $800, the purchase-money, was to be paid out of the appellant's share or portion in the estate of her mother, Ann E. Willson, and there is no evidence in the record to show that the assets have been collected by Mrs. Willson's administrator. It is agreed that the estate of Mrs. Willson when finally settled by the administrator will show that more than the sum of $800 will be the distributive share of Mrs. Willson, one of her distributees.

If the fund then has been collected and was paid by the administrator, to the appellant, on or before the first of January, 1900, then the decree passed by the Court below was properly passed. *Green* v. *Drummond*, 31 Md. 72; *Powell* v.

*Young*, 45 Md. 494. But if the fund had not been collected, nor distributed to the appellant at the date of the decree, then that part of the decree which anticipates the time of payment, and directs the payment of the money with interest from January 1st, 1900, is erroneous and will be modified, by directing an assignment to the appellees, of the fund in the hands of the administrator, belonging to Henrietta M. Willson, to the extent of $800.

We find the decree correct in all other respects. We shall therefore without affirming or reversing, remand the cause, under section 36 of Art. 5 of the Code, in order that the decree may be corrected, as herein indicated and for further proceedings in the cause.

> *Cause remanded, without affirming or reversing the decree below, the appellants to pay the costs.*

(Decided March 7th, 1901.)