CHARLES S. LANE, III, ET AL. *v.* GILMORE R.
FLAUTT ET AL.

[No. 46, April Term, 1939.]

*Decided May 17th, 1939.*

The cause was argued before BOND, C. J. OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*John S. Newman* and *Parsons Newman,* for the appellants.

*Leo Weinberg* and *Benjamin B. Rosenstock,* for the appellees.

BOND, C. J., delivered the opinion of the Court.

The case is one on a claim of an implied easement of light and air for one property over part of an adjacent property. On a bill in equity to restrain erection of a structure which would shut off the easement, and on an answer, and testimony taken, the court below found the claim sustained and granted an injustion, and the respondents appeal.

The properties are on the south side of Church Street in Frederick, where prior to the year 1895 there was a single dwelling with surrounding land, all of a frontage of 100 feet, owned by Mrs. Bettie Ritchie. In about 1895, Mrs. Ritchie built on the western side of her house, and up to a dividing line drawn there, two brick dwellings; and she leased them during the remainder of her life. There was a space of five feet left between the building line of the Ritchie house, as originally built, and the dividing line drawn for the new house next to it, but Mrs. Ritchie extended the front part of her house across and over the space, and into contact with the new house, to a depth of twenty two feet; and this left the five foot space open in the rear of her property, twelve feet long. The evidence agrees that for many years, if not since 1895, the first floor of the newer house, above its basement, had a window opening out of a back parlor and looking across the five foot space. It is three feet one inch wide and seven feet high, and is close in toward the rear wall of the Ritchie front extension: to be exact, thirty-seven inches from that rear wall. There is evidence that from 1899 until it rotted away there was a

shutter or contrivance with slats affixed to the window sill, and leaning out over the Ritchie line to some extent, to prevent seeing directly from the newer house into a room of the Ritchie house. Above that window there is a small window high up in the room overhead, and a like small window in the room overhead on the third floor. Their height in the rooms preserves the privacy of Ritchie house bedrooms. Further to the rear of the newer house, in the rear wall, there is a dining room window facing south over space left by an offset in its own building, and, still further toward the rear, a pantry window facing across that space on its own side.

Mrs. Ritchie had placed mortgages on her property, and one dated September 1, 1896, on the combined properties 100 feet wide, was foreclosed in 1899, and the houses then erected, with their lots, were sold separately at the foreclosure sale; and this was the severance which, as it is contended, gave rise to the implied easement.

The appellants, Lane and wife, more recent purchasers and present owners of the Ritchie property, have begun construction of an addition to the house to fill the remainder of the five foot space immediately up against the wall of the next house, now the Flautt house, to a height of three feet above the top of the window in that wall, heretofore opening on the space. And for light and air to that window they plan to construct a shaft one foot square open at the top above the window. This construction has been the subject of the injunction. It is agreed that under law adopted in this State, if at the time of the severance of ownerships in 1899, the two properties were so arranged that the newer one was rendered necessarily dependent in any part on the other for light and air, there would be an easement for that light and air passing by implication. *McTavish v. Carroll*, 7 Md. 352; *Cherry v. Stein*, 11 Md. 1; *Janes v. Jenkins*, 34 Md. 1; *Eliason v. Grove*, 85 Md. 215, 227, 36 A. 844; *Knight v. Mitchell*, 154 Md. 102, 140 A. 74. And as Mrs. Ritchie built that next house on the dividing line, necessarily any light and air she had provided for it

through its east wall must come from open space on her property, and there would be an implication of the easement for it. The case is the reverse of that in *Knight v. Mitchell,* supra, in which a space on the one house's own side, in an ordinary arrangement for adjoining houses in Baltimore City, prevented an inference that there was any intention of making it dependent for light and air on open space on the other severed property. The principal question in this case therefore, is one of fact, the question of the existence of the window in the wall of the Flautt house at the time of the severance. To this question the testimony was addressed, and there is some conflict in it.

All witnesses agree that there has been little light in the back parlor of that house from outside at any time, and that artificial light was generally used in it. A son of Mrs. Ritchie, then a boy of fourteen years, testified that the Flautt house had no window in its east wall in 1898, when Mrs. Ritchie died, and he was the only one who testified with assurance of that date. A lady and a brother of hers, both of whom had lived in the Flautt house during many years from and after the foreclosure and severing sale in 1899, testified that the window in question was there during the whole of that time, with its inclined shutter or screen as long as that lasted. Three bricklayers and a building contractor testified that there had been no change in the bricks in the wall, such as would be made for insertion of a window, since the building of the house; and still another builder stated that he found indications of later pointing up in the bricks on one side of the window, near a downspout. This last builder was of opinion that if a change had been made in such a wall with care for the appearance, using the same mortar as the old, in time it would not be traceable; but it would seem unlikely that the requisite care would have been taken to conceal marks of change in so secluded a spot.

In this evidence the court finds a predominance to prove that the window was there at the time of the sev-

erance of the properties, although it gave little light for
the room into which it opened. And it follows that the
appellees had a right to an injunction to preserve what-
ever it did give at the time; the fact that its light was
slight would not serve to justify denying the owner of it.
He is entitled to pass judgment on the desirability of
what he owned. The one-foot shaft to be provided for
the window does not preserve the easement as it has
been, and the court cannot declare it a satisfactory sub-
stitute and compel its acceptance. The complainants are
entitled to the undisturbed enjoyment of all the ease-
ment gave them, and of that the window is the exact
measure. It received light and air from exposure in a
half circle or more, and this should not be walled off at
all. The appellants question whether the shutter former-
ly projecting from its sill should not modify the allow-
ance of light and air, and as it appears from the evidence
to have been attached at the time of the severance, there
should be such a modification if the appellants wish it.
But the court is not informed of any method of accomp-
lishing this with full adherence to the rights of the ap-
pellees except by erecting another such shutter.

The construction objected to will extend a wall several
feet to the rear of, and some feet above, the dining room
window on the first floor of the Flautt house facing south,
or to the rear, over a space opened on that property by
the offset of the building, and the small pantry window
facing across that space toward the Lane property. Both
windows will have their light diminished somewhat, but
the court concurs in the opinion of the lower court that
no easement could be implied for light through them over
the Lane property. With space provided for light on
their own side they present a case similar to that in
*Knight v. Mitchell, supra.* There is no necessary de-
pendence on the Lane property to manifest an intention
and expectation that their light should come from that
side.

The court, while concurring in the conclusion of the
court below, is of opinion, however, that the decree

passed is too general to serve as a guide to the parties, and should be amended. *International Pocketbook Workers' Union v. Orlove*, 158 Md. 496, 511, 148 A. 826. The respondents, Lane and wife, have been enjoined from proceeding with their structure or any other structure, "impairing to the injury of the complainants the implied easement of light and air, as it now exists, appurtenant to the complainants' building adjacent to the said area way." Building over any part of the east window opening in the Flautt wall over the area way, thus diminishing the light and air available through it at the time of severance of the properties, is the only proper subject of the injunction. For the purpose of restricting the decree to this effect, the cause will be remanded under Code, art. 5, sec. 42. *Rider v. Gray*, 10 Md. 282, 301; *Wilson v. Blount*, 93 Md. 30, 32, 34, 48 A. 714.

*Cause remanded for amendment of decree, without affirmance or reversal, with costs to the appellees.*