JOHN J. MOYLAN, INCORPORATED, *v.* BOARD OF SCHOOL COMMISSIONERS OF BALTI-MORE CITY, ET AL.

[No. 52, October Term, 1941.]

*Decided February 4, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*F. Neal Parke* and *Ernest F. Fadum,* for the appellant.

*Allen A. Davis,* for the appellees.

SLOAN, J., delivered the opinion of the Court.

John J. Moylan, Incorporated, owns some property at at the southeast corner of Roland Avenue and Deepdene

Road in Baltimore, improved by a two-story building, Nos. 5123, 5125, 5127 and 5129, containing three store-rooms, with apartments on the second floor. It used the center store-room in connection with a curb gas filling station on Roland Avenue. In the rear and to the east of the gas pumps is a one-story garage, which is not affected by this case. The curb station had three gasoline tanks. A building, No. 5121 Roland Avenue, owned by one named Jeppi, and now used as a store for the distribution and sale of dairy products, has been acquired by the appellant, and it is proposed to tear down the two-story building on its lot, and the one-story building on No. 5121 and erect a modern automobile service station.

The appellant had made an application to the Board of Zoning Appeals, in accordance with the provisions of Ordinance of 1937, No. 318, for the installation of additional tanks at its station, and on January 4, 1941, the application having been approved by the proper departments of the city, and no protests filed, the application was approved. It was stated in the application that the tanks and pumps were to be moved back (north) ten feet from the front or south line of the lot. The appellant then made an application to remove the buildings which were built flush with the sidewalk, with a frontage of eighty-three feet and to substitute a modern service station with a frontage of forty-six feet and a depth of twenty-six feet. In this building, gasoline will not and cannot be sold. The proposal is to substitute a modern "drive-in" gasoline station for the antiquated, makeshift now in use. The gasoline tanks and pumps will be away from the driveway in the street, and to this extent will eliminate a traffic hazard, by having cars filled with gasoline on private property, instead of on public streets.

When the appellant made its application for the erection of the service station, it was referred, in accordance with Orinance No. 318, to the Fire, Health and Police Departments and approved by all of them, the Police Commissioner saying the proposed construction "will in

no way interfere with the free movement of traffic in that vicinity."

Notice of the application was given by the Board of Zoning Appeals and the School Board and ten residents protested against the granting of the permit, and after a hearing the Board of Zoning Appeals granted it, and from this decision, the protestants appealed to the City Court, and from the decision of that court, reversing the Board of Zoning Appeals, the applicant, Moylan, Inc., appeals.

The district in which this station is located is a First Commercial Use District.

The present service station has been in use since the year 1919. It was provided by the Zoning Ordinance of 1923, No. 922, and the amendments thereto, that any business or uses then existing should not be affected or disturbed. On January 16, 1937, an ordinance was passed regulating the granting of permits for "gasoline filling stations, and/or pumps," etc., by which the location of any stations was prohibited within 300 feet of a school. Long after the gasoline station was established and after the passage of the ordinance, the Roland Park Public School was erected, the rear portion of which is within 300 feet of the station. The station did not come to the school; the school went to the station. The present buildings are located on the building line on the east side of Roland Avenue; the proposed station will be set back from the building line thirty-three feet. The station will be forty-six feet in its extreme width, and will, therefore, leave thirty-seven feet of unoccupied space now covered by the two structures to be removed. The district is a First Commercial Use District; and unless the building to be erected is of a lower classification or for a prohibited use, there can be no valid objection to the change of any of the present uses to another of the same classification. *Landay v. Board of Zoning Appeals,* 173 Md. 460, 196 A. 293, 114 *A. L. R.* 984; *Roach v. Board of Zoning Appeals,* 175 Md. 1, 199 A. 812; *Parr v. Bradyhouse,* 177 Md. 245, 9 A. 2d 751.

The first reason assigned by the protestants, appellees, is that the proposed buildings are within 300 feet of Public School No. 233, and their alteration is prohibited by Ordinance No. 318.

It is conceded that the school is within 300 feet of the proposed station. It is also undisputed that the gasoline tank and pumps were so located before the school was erected, and that the permit for the additional tanks and change in location of pumps was granted without protest. The gasoline tanks and pumps are, therefore, not involved in this case at all. This leaves only the matter of the demolition of the building containing the old service station, and its replacement by a modern service station.

It is evident, and not disputed, that the proposed use is not for the sale of "gasoline or any other motor fuel." The grant of a permit, without protest, on January 14, 1941, for the alteration of the present gasoline station and the installation of additional tanks, leaves the only question here involved whether the proposed use is of the same class as those to be abandoned or altered. The protestants, aside from the School Board, complain that a filling station threatens the safety of children playing on the sidewalk, handicaps the real estate business and depreciates property values near the station, in other words, they do not want a gasoline station in the neighborhood and thus seek the removal of one already lawfully there.

The answer to all the objections would be worthy of consideration if this were an application for an original permit. But this is for the alteration and improvement of an existing station. The stricture imposed on gasoline stations applies to gasoline pumps and tanks, which cannot be applied in this case, for the tanks and pumps and their alteration have been authorized and are lawful. The only question here involved is whether the building for which a permit has been applied and granted is for a first commercial use and not for the sale of "gasoline or other motor fuel." The gasoline tanks and pumps

are away from the building, which is to be used as a motor vehicle service station, where, cars will be serviced and accessories sold, and this is a use permitted in a first commercial zone.

The appellees' second reason is that No. 5121 Roland Avenue, known as the Jeppi property, "has never been used in connection with a filling station for the sale of gasoline," and that the portions of the Moylan building used as a dress shop, dyeing and cleaning establishment and apartments "have never been arranged, designed or used for a filling station." These statements are true, but the present uses are of the same classification as the business to be carried on in the proposed building, and the change of business or use is permissible so long as the new business or use is not non-conforming. *Supra.*

Being of the opinion that the use applied for is not prohibited and conforms to the businesses now carried on in all the buildings and store-rooms, the permit applied for should be granted.

*Order reversed, with costs to the appellant.*