SILVESTERO COLATI *v.* MARIE JIROUT, ET AL.

[No. 156, October Term, 1945.]

*Decided June 20, 1946.*

The cause was argued before MARBURY, C. J., DELAPLAINE COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Z. Townsend Parks, Jr., and Joseph O. Kaiser* for the appellant.

*Deeley K. Nice,* with whom were *Max Sokol* and *Dickerson, Nice & Sokol* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

On November 1, 1945, John W. Christopher, a building contractor, made application to the Buildings Engineer of Baltimore City for a permit to build for Silvestero Colati a two-story building on his corner lot at 2510 McElderry Street, for the purpose of a cafe and lunch room, after a one-story cafe building and garage now on the lot shall have been removed. The Buildings Engineer disapproved the application, and the contractor thereupon appealed to the Board of Zoning Appeals. At a public hearing on November 13, Mrs. Marie Jirout, who resides next to the cafe at 2512 McElderry Street, protested against the construction of a two-story building further back than the rear wall of her residence on the ground that it would cut off her air and light; but on November 14 the Board adopted a resolution approving the application.

Mrs. Jirout then filed a petition in the Baltimore City Court alleging that the action of the Board was illegal. Her landlords, John Jenesek and his wife, were subsequently granted permission to intervene in the case. Under paragraph 35 of the Baltimore City Zoning Ordinance (Ordinance 1247, approved March 31, 1931), any person aggrieved by a decision of the Board of Zoning Appeals may present a petition to the Baltimore City Court setting forth that the decision is illegal in whole or in part, and specifying the grounds of the illegality. The Court may reverse or affirm, wholly on in part, or may modify the decision brought up for review. On January 11, 1946,

the Court passed an order modifying the decision of the Board by restraining the applicant for the permit from erecting any buildings on Colati's lot, from a point at the rear end of the wall of the residence at 2512 McElderry Street to the rear of the lot, to a height greater than the first story of that residence. From that order Colati appealed to this Court.

It appears that the property in question is a non-conforming use in a residential use district. Paragraph 8 (38) of the Baltimore City Zoning Ordinance prohibits the use of any building in a residential use district for the sale of alcohol or alcoholic drinks. But the Zoning Ordinance does not prevent the continuance of any non-conforming use existing at the time of the passage of the ordinance. Non-conforming buildings existing when the Zoning Ordinance went into effect are allowed to stand, and non-conforming uses are allowed to continue. Zoning seeks to stabilize and protect, not to destroy, it seeks to safeguard the future with anticipation that time will repair the mistakes of the past. However, paragraph 11 contains the following prohibition: "A non-conforming use may not be extended, except as hereafter provided, but the extension of a use in any portion of a building, which portion is now arranged or designed for such non-conforming use, shall not be deemed to be an extension of a non-conforming use." This Court holds that the Zoning Ordinance prohibits generally the extension of a non-conforming use except to the portion of the building designed for such use at the time of the passage of the ordinance, and that the stopping of expansion of a non-conforming use is not an arbitrary or unreasonable exercise of governmental power. *Knox v. Mayor and City Council of Baltimore,* 180 Md. 88, 96, 23 A. 2d 15; *Beyer v. Mayor and City Council of Baltimore,* 182 Md. 444, 34 A. 2d 765.

The Zoning Ordinance, as amended by Ordinance 445, approved April 23, 1941, makes only one exception to the prohibition of paragraph 11 in dealing with resi-

dential use districts. This exception, found in paragraph 12 (b), provides that the Board of Zoning Appeals, subject to the provisions of paragraph 32 (j), may in its discretion in a specific case permit, where otherwise excluded or limited, "a use of the same classification, necessary or incidental to a non-conforming use" within 50 feet from such existing non-conforming use, provided that such 50-foot measurement shall not extend across a street. It is apparent that the Board's discretionary power to extend a non-conforming use horizontally does not apply to the pending case.

It is true that paragraph 32 (g) 3 of the Zoning Ordinance, enacted pursuant to the State Zoning Enabling Act, Acts of 1927, Ch. 705, Code, 1939, Art. 66B, Sec. 7, endows the Board of Zoning Appeals with discretion to authorize in any specific case such variance from the terms of the ordinance as may be necessary to avoid arbitrariness and so that the spirit of the ordinance shall be observed and substantial justice done. The only guide which the Mayor and City Council gave to the Board as to when it may authorize a variance from the terms of the ordinance was, as stated in paragraph 33 (b), when there are "practical difficulties or unnecessary hardships" in the way of carrying out the strict letter of the ordinance. In 1933 the Court of Appeals held that this grant of unlimited and unregulated discretion to an administrative board to set aside the ordinance in any case was an arbitrary and unlawful delegation of power. *Jack Lewis, Inc. v. Mayor and City Council of Baltimore,* 164 Md. 146, 164 A. 220; *Sugar v. North Baltimore Methodist Protestant Church,* 164 Md. 487, 495, 165 A. 703. On this appeal there is no necessity to discuss whether paragraph 32 (g) 3 has been brought fully within the bounds of constitutionality by the enactment of paragraph 32 (j) of Ordinance 449, approved April 23, 1941, requiring the Board of Zoning Appeals to consider various factors before authorizing a variance. For the invalidity of paragraph 32 (g) 3 prior to the 1941 amendment did not affect the ordinance as a

whole.  We hold that zoning in general is a valid exercise of the police power of the State, and that a comprehensive zoning ordinance is constitutional.  With congestion of masses of people in small areas, high tension of the industrial civilization of today, and steady progress of sanitary science, it has become obviously necessary to subject the use of property in congested centers of population to restrictions which may be burdensome in individual cases, but which are essential for the common safety and welfare.  *R. B. Construction Co. v. Jackson*, 152 Md. 671, 137 A. 278; *Jack Lewis, Inc. v. Mayor and City Council of Baltimore*, 164 Md. 146, 153, 164 A. 220; *County Com'rs of Anne Arundel County v. Ward*, 186 Md. 330, 46 A. 2d 684.  The establishment of districts may, among other things, secure quiet residential sections, expedite local transportation, and facilitate the suppression of disorder, extinguishment of fires, and enforcement of sanitary regulations.  If the municipal council deems any of these things a sufficient reason for adopting the ordinance, it is not the province of the court to take issue with the council, as the court has nothing to do with the wisdom or good policy of municipal ordinances.  *City of Aurora v. Burns*, 319 Ill. 84, 93, 149 N. E. 784; *State ex rel. Civello v. New Orleans*, 154 La. 271, 282, 97 So. 440, 33 A. L. R. 260; *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016.

It is evident that the spirit of the Baltimore City Zoning Ordinance is against the extension of non-conforming uses.  It is generally accepted that a few non-conforming buildings and uses, allowed to continue as exceptions to the  regulations in order to avoid injustice, will not be a substantial injury to the community if they are not allowed to multiply where they are harmful or improper; but non-conforming uses should not be perpetuated any longer than necessary, and the Zoning Board should make constant efforts to move them into the use districts where they properly belong. Bassett on Zoning, 106, 109.  Even when a non-conforming build-

ing has been destroyed by act of God, the owner should not be allowed to rebuild as a matter of right without authority from statute or ordinance. Paragraph 38 of the Baltimore City Zoning Ordinance expressly provides that nothing contained in the ordinance shall prevent the restoration of a building or part thereof which has been destroyed by fire, wind, flood, explosion, act of God, or act of the public enemy; but it also states that in the event of such destruction nothing shall prevent the continuance of the use or part thereof "as such use existed at the time of such destruction of such building or part thereof."

Appellant's lot has a frontage of 14 feet, 3 inches, on McElderry Street, and a depth of 70 feet on Rose Street. The brick building now used as a cafe extends back 38 feet, and the garage in the rear has a depth of 32 feet. Thus the two buildings cover the entire area of the lot. The construction for which appellant wants a permit, is not in any sense an alteration. He wants to raze and remove his buildings and build anew on a much larger scale. He desires to transform a cafe or bar occupying silghtly more than half the area of his lot to a cafe and lunch room which would have a floor space twice that of the entire area of the lot. It is conceded that the entire property has been used in the cafe business, and that the owner is protected from interference in that use; but, as the Supreme Court of New Jersey explained in *De Vito v. Pearsall*, 115 N. J. L. 323, 180 A. 202; 147 A. L. R. 170, where a factory or other non-conforming use is established on a lot in a residential district, that use should not be enlarged and extended without authority from statute or ordinance. For, while continuance of the original non-conforming building might be comparatively unobjectionable, a larger building might cause great damage to the district. Moreover, the manner in which the Baltimore City Zoning Ordinance limits the application of the principle of non-conforming use, and the restrictive language with which it authorizes restoration of a building in event of destruction, are strong manifesta-

tions of the intention of the Mayor and City Council that the power of the Board of Zoning Appeals to extend non-conforming uses shall be strictly construed.

For these reasons we hold that the Board of Zoning Appeals had no authority under the Zoning Ordinance to grant the permit to extend the non-conforming use as requested. No appeal, however, was taken from the extension allowed by the court below, and the appellees do not complain of that extension and are not injured by it. On this appeal there is nothing before us in respect to the extension as granted and therefore the order of the Court will be affirmed. *County Com'rs of Frederick County v. Page,* 163 Md. 619, 164 A. 182.

*Order affirmed, with costs.*