KUBLITSKY ET UX. *v.* ZIMNOCH ET UX.

[No. 42, October Term, 1950.]

506

*Decided December 8, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Albert L. Sklar* for the appellants.

*George P. Welzant* and *Irvin S. Friedman* for the appellees.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a decree dismissing a bill for an injunction to compel alteration of a structure on property adjoining plaintiff's property. Defendants formerly had a frame shed in their back yard. They obtained a building permit "to replace frame shed same size 9′ x 10′ with concrete block". Plaintiffs appealed from the granting of the permit. The Board of Municipal and Zoning Appeals disapproved the appeal and approved the permit. In so doing the Board said, "the Board is of the opinion that the weight of the testimony seemed to indicate that there was a shed approximately the same size as the addition now proposed. If there

was a frame structure, its replacement by a concrete block structure would reduce the fire hazard on the premises. Therefore, the Board disapproved the negative appeal and approves the permit." The concrete structure is about four feet higher than the former shed. When the Board acted the concrete structure had been so far constructed that the Board knew its height. Plaintiffs contend that the concrete structure is not in conformity with the permit and the Board's action, and prevents enjoyment of their easements of light and air.

The Board's "opinion that the weight of the testimony seemed to indicate that there was a shed approximately the same size as the addition now proposed" distinctly falls short of making it a condition of the permit that the height of the "proposed addition" shall not exceed the height of the former shed. We cannot so construe the Board's action in the face of the opposite construction by the Board itself in acting with knowledge of the actual height of the "proposed", but partially completed, structure.

Furthermore, we know no authority for the imposition by the Board of such a condition. At the argument we were informed that it is an habitual practice of the Buildings Engineer to issue such permits for "replacements" but to refuse permits for additional structures, thus referring applicants to the Board by appeal. We have been referred to no provision in the Zoning Ordinance, and we have found none, authorizing the Buildings Engineer thus to transfer duties from himself to the Board, or (regardless of that) authorizing either the Buildings Engineer or the Board, on the facts of this case, to impose upon a permit the condition now in question. This is not a case of continuing or extending a non-conforming use, or of a grant of an exception by the Board under Paragraph 33 of the ordinance. It was admitted at the argument, and there is no evidence to the contrary, that this concrete structure is within all the requirements, including height and area, of paragraph 28 B, authorizing garages and accessory buildings

in rear yards. Building on one's own land is still a property right, subject to all applicable provisions of law; it is not a grant of favor from some governmental authority.

A demurrer to the bill was overruled. It is not necessary for us to review this ruling, though of course in this court the ruling is not (as plaintiffs say it is) "the law of the case". We have held that a property owner who suffers special damage from a violation of a zoning law is entitled to relief by injunction. *Weinberg v. Kracke,* 189 Md. 275, 55 A. 2d 797. He may also assert his rights before the Board and on appeal from it. *Colati v. Jirout,* 186 Md. 652, 47 A. 2d 613; *Dorman v. Mayor and City Council of Baltimore,* 187 Md. 678, 51 A. 2d 658. If he chooses to call such rights easements or *quasi*-easements, this is no great offense against law or language. But such an easement is only a figure of speech. This court long ago held that the doctrine of ancient lights and prescriptive easements of light and air is not recognized in Maryland—or generally in this country. *Cherry v. Stein,* 11 Md. 1; *cf. Lane v. Flautt,* 176 Md. 620, 6 A. 2d 228. Apart from the zoning ordinance, plaintiffs have no easement of light and air which is invaded by defendants' structure. The structure is not a nuisance and is not a violation of any law.

*Decree affirmed, with costs.*