HARE *v.* MAYOR AND CITY COUNCIL OF BALTIMORE, ETC., ET AL.

[No. 210, October Term, 1951.]

478

*Decided July 15, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Samuel M. Campanaro* and *O. Bowie Duckett,* for appellant.

*Francis J. Valle, Assistant City Solicitor,* with whom were *Thomas N. Biddison, City Solicitor* and *Edwin Harlan, Deputy City Solicitor,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court in a zoning case.

On October 24, 1950, the appellant filed an application with the Building Inspection Engineer of Baltimore City (the Zoning Commissioner) for a permit to use at 3515-29 Pleasant Place in a Residential Use, "C" Area District, two garages as an office and storeroom and seven additional garages, located directly across a 20 foot yard from his machine shop, which had been approved for that use on January 28, 1947 by the Board of Municipal and Zoning Appeals (the Board), for storage of materials in conjunction with that shop. The lot owned by the appellant is on the east side of Pleasant Place with a frontage southerly on Pleasant Place of 89 feet 6 inches and a depth easterly of 67 feet 5 inches, improved by three one story brick buildings. The Building Engineer found that the two garages to be used as an office and storeroom could be permitted by the Board as a nonconforming use under Article 40, Section 12 (b) of the Baltimore City Code (Flack's 1950 Edition). However, he disapproved the use of the seven additional garages as requested. From the decision of the Zoning Commissioner the appellant appealed to the Board.

After a hearing before the Board, three members voted for the application as applied for, and two members voted for the resolution which contained the following: The Board inspected the premises and "made a study of the premises and neighborhood * * *. The testimony shows that certain garages have been used for storage heretofore, and that some of them are now used as a machine shop. The evidence was not sufficient to warrant finding a non-conforming use to have been established in the seven garages intended for storage, and therefore the Board sustains the action of the Zoning Commissioner in disapproving the use of the seven garages for storage, but approves the use of two garages as proposed for an office." Since the Zoning Ordinance requires a vote of four members to reverse an action of the Zoning Commissioner, the application for the seven garages was denied.

From the action of the Board the appellant appealed to the Baltimore City Court. Judge Warnken, after a study of the testimony taken before the Board and after argument of counsel, rendered a judgment in favor of the defendants, appellees, for costs. From that judgment appellant appeals.

To the south of the seven garages here in question are twenty-one garages in three rows. Immediately to the west are thirty-two garages. To the north is a twenty foot yard separating these seven garages from appellant's machine shop. North of the machine shop are four garages making sixty-four garages practically adjoining the machine shop. At the hearing before the Board the appellant testified that his father built these seven garages late in 1923 or early 1924. The two end garages had been used by Sandler's Furniture Store and by a Mr. Baker for storage of furniture since they were built. The other five have been used for the storage of automobiles. There are metal partitions between the garages. The appellant is working for the Army on smoke pumps and wants to use these seven garages for storage of "small material, small

castings, electric motors a man could carry, a box of screws, electric switches, * * * all small material a man could carry and put away." He proposes to take out the partitions and make one building for storage. He testified that the use of these garages for storage purposes would not interfere with the peace and quiet of the neighborhood. A Mr. Buffington, who had lived in the neighborhood for about 65 years, testified that some of the seven garages here in question were used since their construction for purposes other than storage of automobiles, that is for storage of furniture for a long period of time.

Although the resolution of the Board stated that it "approves the use of two garages as proposed for an office" and makes no mention of "storage", the appellees concede that the application as to the two garages was granted as applied for. The appellees in their brief state: "The garages we are concerned with under this appeal are the seven garages or the third row of garages located at the southernmost portion of the lot. The Board granted a permit to use the two garages at the northwest corner of the first row of garages located at the northernmost portion of the lot as an office and storeroom."

From this uncontradicted testimony no conclusion on the facts could be reached other than that two of the seven garages here in question have been used for the storage of furniture and five have been used for the storage of automobiles since before the enactment of the Zoning Ordinance█ in 1931, in this residential use district. The Board and the Court evidently concluded that these facts did not establish a non-conforming use. The primary question before us is whether these facts established a non-conforming first commercial use classification.

Section 8, Residential Use Districts, Item 13, excludes garages from residential use districts. It was said in *Heath v. Mayor and City Council of Baltimore*, 187 Md. 296, at page 300, 49 A. 2d at page 802: "Paragraph 8

of the Baltimore City Zoning Ordinance excludes garages from residential use districts, but this general exclusion is qualified by paragraphs 13 and 14, which relate to private garages without repair facilities and without storage or sale of inflammable liquids." Section 8, Item 36, forbids buildings to be used for storage of household effects or merchandise in a residential use district. Under Section 10 the uses forbidden under Section 8 in residential use districts, which are not excluded from first commercial use districts, are known as first commercial uses.

Appellees contend that this is not a non-conforming use because appellant would have been permitted to erect these garages under Section 14 of the Baltimore City Zoning Ordinance. That Section gives discretionary power to the Board to make special exceptions. It provides: "Garages—Special Exceptions. The Board of Municipal and Zoning Appeals may, after public notice and hearing, in its discretion, in a specific case, and subject to the provisions, restrictions, guides and standards set forth in Section 34 (j), permit in a residential use district—(a) a garage . . . in a rear yard; (b) a garage . . . which is not within seventy-five feet of any street, and which is not in a rear yard; (c) a garage . . . on or under the surface of the lot occupied by a building used as a hotel or apartment house; (d) a space, to be used as a garage . . . within a building used as a hotel or apartment house. " Section 34 (j) of Article 40, Flack's Baltimore City Code, 1950, was adopted in 1940-1941█ to meet the objection of unconstitutionality and empowers the Board to make special exceptions or variances only when the proposed building or use "shall not create hazards from fire or disease or shall not menace the public health, security, or morals." The Board, in passing upon applications for special exceptions or variances as to height, area, or use shall give consideration, under Sections 1 and 2 of the Zoning Ordinance, to certain items therein specified, including such things as fire hazard, traffic problems, water supply,

transportation requirements and facilities, streets and paving, schools, parks, and playgrounds. The action of the Board must be reasonable in view of these and other factors. *Heath v. Mayor and City Council of Baltimore,* 187 Md., *supra,* pages 301-305, 49 A. 2d 799, and cases there cited. Assuming Section 14, *supra,* constitutional, which we have never decided and do not here decide, the vote of the three members of the Board for the application as applied for could not be considered as the granting of a special exception under Sections 14 and 34 (j), *supra,* because under Section 34 (i) the concurring vote of four members of the Board are necessary to effect a variation of the ordinance. Also there is nothing to show the Board took into consideration the items above mentioned. *Heath v. Baltimore,* 187 Md. 296, 49 A. 2d 799, *supra.* We cannot therefore follow the argument of the appellees that because of Section 14, there is not a non-conforming use in this case.

The appellees further contend that if the appellant sought to erect garages similar to the ones here under appeal he would have been permitted to do so under Section 13 of the Baltimore City Zoning Ordinance. Under Section 13(a) garages without repair facilities in a building covering not more than 600 square feet of a lot for housing not more than three automobiles are allowed in a residential use district. Here the building covers thirteen hundred and fifty square feet and provides for the housing of seven automobiles. On appellant's lot, comprising over six thousand square feet, as hereinbefore set forth, storage is provided for thirteen automobiles and on appellant's lot and practically adjoining his machine shop are sixty-four garages. Under these facts Section 13 could not possibly cover the permit here applied for. In *Heath v. Mayor and City Council of Baltimore,* 187 Md. 296, 49 A. 2d 799, *supra,* a two story apartment house was erected in 1930 before the passage of the zoning ordinance. In the basement was a garage accomodating four auto-

mobiles, one more than permitted by Section 13. The following was said in that case, 187 Md. at page 301, 49 A. 2d at page 802: "In other words, an owner is entitled to house three automobiles without asking for the approval of the Board of Zoning Appeals. * * * In 1943 he [the owner] applied for a permit to erect a one-car garage, and the Board of Zoning Appeals disclosed its administrative interpretation of the ordinances by stating that the erection of a separate garage building would require its approval in this case. In issuing permits the Buildings Engineer must follow strictly the provisions of the zoning regulations. Chaos would result if he were allowed to make exceptions or variances in his own discretion." The Buildings Engineer disapproved the application. The Board of Zoning Appeals approved the application under Section 14 and was affirmed by the Baltimore City Court. On appeal we reversed the decision of the Board and the Baltimore City Court. It was not even suggested or claimed in that case that Section 13 covered the situation. If five garages are not permitted by Section 13, seven garages in the immediate neighborhood of fifty-seven others are certainly not permitted.

The appellant refers us to the case of *Bowen v. Hider*, 37 N. Y. S. 2d 76, where it is said at page 83: "Turning now to the defendant's contention of nonconforming use, we find from the evidence that for many years there has been a row of stall garages, fourteen in number, on the rear of the lot in question, which have been and were at the time the ordinance was adopted, rented indiscriminately to all who wished them. Merchandise was, on occasions, stored in these garages and the area around them was occasionally used by the tenants and others for temporary parking purposes. It seems to me that this constituted a non-conforming use, for it clearly goes far beyond the obvious intent of the framers of the General Zoning Ordinance, as set forth in Section 5, subdivision 9 thereof, which allows in addition to the other uses permitted, 'accessory buildings and uses

customarily incident to any of the above uses when located on the same lot and not involving the conduct of a business, including private and storage garages * * *.' The evidence clearly shows that a business of renting garages was carried on on this property for many years, which business was in no way connected with or incident to the other uses permitted in Apartment D Districts. Clearly, this was a nonconforming use."

We must conclude that as this application is not covered by Sections 13 and 14, under Sections 8 and 10 a nonconforming first commercial use classification exists.

Appellees contend also that, assuming the seven garages have the status of a non-conforming first commercial use classification, they may not be used for the purposes sought in the application. The application is for the use of "the tier of garages at south end of lot (7 garages) for storage of materials, all as an adjunct to operation of the machine shop in center of entire area". Appellant testified as hereinbefore stated that he desired to store small materials which could be carried by one man. Appellees contend that this constitutes manufacturing which is forbidden under Section 7, Item 16, of the Zoning Ordinance in a first commercial use district and also because the use applied for is "noxious or offensive by reason of the emission of ordor, dust, smoke, gas, fumes, vibration or noise", it is forbidden under Item 17 of Section 7. There is nothing in the testimony or application before us to show that the premises in question are to be used for other than storage purposes or that the use contemplated would violate Section 7, Item 17, *supra*. The use here contemplated is not forbidden by Section 7, "First Commercial Use Districts".

The Zoning Ordinance does not prevent the continuance on any non-conforming use existing at the time of the passage of the ordinance in 1931. Non-conforming buildings existing at that time are allowed to stand and non-conforming uses are allowed to continue. It is

anticipated "that time will repair the mistakes of the past". *Colati v. Jirout,* 186 Md. 652, 655, 47 A. 2d 613, 614; *Beyer v. City of Baltimore,* 182 Md. 444, 446, 34 A. 2d 765; *Bruning Bros. v. Mayor and City Council of Baltimore, et al.,* 199 Md. 602, 609, 87 A. 2d 589, 592. A non-conforming first commercial use existing at the time the Zoning Ordinance was enacted there can be no valid objection to the change to the use requested, which is not of a lower classification, in the application to use the seven garages for storage of small materials as an adjunct to the operation of the machine shop. *Moylan v. School Comrs.,* 180 Md. 316, 319, 24 A. 2d 297, and cases there cited; *Mayor & C. C. of Baltimore v. Shapiro,* 187 Md. 623, 632, 51 A. 2d 273.

Section 34 (d) of the Zoning Ordinance provides in part: "If an application is disapproved by the Board of Municipal and Zoning Appeals, thereafter the Board shall take no further action on another application for substantially the same proposal, on the same premises, until after twelve (12) months from the date of such last disapproval." Appellees finally claim that by reason of this provision the Board was prohibited from taking any action on the application now before this Court. This point does not appear to have been considered and decided by the Court below. Rule 9 of this Court prevents us from deciding any point or question which does not plainly appear by the record to have been tried and decided by the Court below. The only thing in the record on this question is the data sheet compiled from the records of the Board prior to the hearing date and filed on October 24, 1950, which shows, among other things, the following: "Remarks: #741-50 L. V. Hare— Constr. 1 story addition to machine Shop and use 7 additional garages as machine shop. Disapproved August 8, 1950." It is plain that this did not constitute sufficient information for any court to pass upon this question. The judgment will be reversed.

*Judgment reversed, with costs, and case remanded.*