FRITZE ET AL. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 125, October Term, 1952.]

266

*Decided April 17, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Edwin J. Murphy,* with whom was *William S. Wilson, Jr.,* on the brief, for the appellants.

*Francis J. Valle, Assistant City Solicitor of Baltimore,* with whom were *Thomas N. Biddison, City Solicitor,* and *Edwin Harlan, Deputy City Solicitor,* on the brief, for the Mayor and City Council of Baltimore and Paul A. Cohen, Building Inspection Engineer of Baltimore City.

*Marvin E. Rothbloom* for the intervenors.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court sustaining the refusal of the Board of Municipal

and Zoning Appeals (the Board) to approve an application by the appellants to erect a building on their property at 4510 Frederick Avenue, Baltimore.

In 1905, the appellants purchased a seven acre tract of land known as 4510 Frederick Avenue in Baltimore. This property is situated on the northwest corner of Frederick and Sorrento Avenues, both public highways in the city of Baltimore. The lot fronts 304 feet on Frederick Avenue with a depth of 700 feet, irregular in shape. At the time of the passage of the Baltimore City Zoning Ordinance in 1931 all of this property was in the First Commercial Zone. In 1937 it was rezoned as Residential and at the present time is located in a Residential Use District. At the time of the passage of the Zoning Ordinance there were erected on this seven acre lot four greenhouses, a storage shed, a garage, a boiler house and two dwelling houses. At the time of the passage of the Zoning Ordinance one of the four greenhouses, a one-story glass building 18′ x 50′, used for retail sale of flowers and designs and growing flowers, had been erected within sixteen feet of the building line of Frederick Avenue. The appellants filed on April 28, 1952, an application with the Zoning Commissioner requesting permission to construct a one-story cinder block and stucco building 30′ x 16′ between the present greenhouse and Frederick Avenue for the sale of flowers, alleging that the present greenhouse was inadequate and in need of repairs, and that the proposed addition was needed and desired as being more attractive and better conforming with the neighborhood surroundings. It was to be used for the florist business and as a store and shop for the conduct of the florist business. The Zoning Commissioner refused the permit and appellants appealed to the Board. A hearing was held before the Board on May 20, 1952. It made the following finding: "* * * the property is at the northwest corner of Frederick and Sorrento Avenues, in a Residential Use District, C Area District. This is a large lot 304 feet along Frederick Road by about 700 feet, of irregular shape

and depth. The frontage along Frederick Road was in the first commercial zone, when the Zoning Ordinance was passed. Since that time, in 1937, it was changed to residential. The present retail greenhouse was on the property at that time; in fact, from the evidence it appears that it was constructed about 1917. There was a difference of opinion by witnesses, but those opposing the application admitted it had been constructed as early as about 1926 or 27 which would place it before the passage of the Zoning Ordinance. The testimony shows that the entire lot was acquired in 1905, and evidence was offered to show it has been used for a nursery and hot houses ever since that time, with the addition of the retail shop later, but prior to the passage of the Ordinance. The proposed building is intended to set back 21 feet from the face of the curb. The residents nearby who testified urged that no exception be made since this would be a business use and an enlargement of what is now a non-conforming use in a residential zone. The Board sustains the action of the Zoning Commissioner in disapproving the permit."

An appeal was taken to the Baltimore City Court. The trial judge heard the case on the testimony submitted to the Board. After argument by counsel he concluded that, although a non-conforming use existed with respect to the present 18' x 50' greenhouse, he could not find that such non-conforming use existed as to the area between the greenhouse and Frederick Avenue where the appellants sought to erect the addition, and by order affirmed the action of the Board. From that action the appellants appeal.

Before the Board, Mr. Charles A. Russell testified that he remembered how the greenhouse had been operated since 1918 and knew that the greenhouse was erected before that time. Mr. Raymond C. Frost testified that he had known the property since 1912 and knew that flowers had been sold from this greenhouse ever since he could remember. Mr. Francis Fritze, one of the appellants, testified that he bought the property in

1905 for a florist business, planted it and sold flowers from the Frederick Avenue portion from 1905 continuously to date. He also testified that his son, Norman, sold flowers from a roadside stand on the Frederick Avenue portion of the property for about three years. Mr. Norman Fritze, son of Francis Fritze, testified that he stopped school at fifteen years of age and started to work on the property. He said the greenhouses were built between 1916 and 1917 and that the sales from the greenhouse had continued ever since. He further said he took a wheelbarrow and hauled large boards down and made a stand on the corner near the property "between our driveway and the property we own". Also offered in evidence was a letter from Mr. William Feast, of Samuel Feast & Sons, Baltimore florists, in which he stated that Mr. Francis Fritze began the florist business on this property in 1905. He also said: "I am also positive that the Frederick Avenue portion of the Fritze property has been used continuously for the retail sale of flowers and plants at all times since 1905." The photograph offered in evidence shows a commercial sign at the front of appellant's greenhouse on a small part of the land on which the proposed addition to the greenhouse is sought to be erected. This sign reads: "Lohr & Fritze, Cut Flowers, Potted Plants, Funeral Designs, Greenhouse in the Rear." The stands for the sale of flowers were not on the area, here in dispute, at the time of the hearing before the board.

Article 40, Baltimore City Code, 1950 Edition, Zoning, Section 11, provides in part as follows: "Non-conforming Uses. A non-conforming use is a use that now exists and that does not comply with the regulations for the use district in which it is established. A non-conforming use may not be extended, except as hereinafter provided, but the extension of a use to any portion of a building, which portion is now arranged or designed for such non-conforming use, shall not be deemed to be an extension of a non-conforming use. A non-conforming use may be changed to a use of the same classification

or to a use of a higher classification. * * * Nothing contained in this Article shall be construed to prevent the continuance of any use which now legally exists."

The appellants contend that the evidence produced before the Board established clearly and definitely that a non-conforming use existed in the particular part of the property upon which they desired to erect this proposed addition to the greenhouse.

Although, as contended by the appellants, the testimony shows that the seven acre lot in general was used in the florist business, we agree with the trial judge that the evidence does not establish that the particular area on which appellants seek to put the new addition was used in connection with the non-conforming greenhouse in such a way as to establish a non-conforming use to the particular area sought to be used for the addition. Of course, the actual land occupied by the sign is very small compared with the whole area sought to be used for the new construction. This Court said in the case of *Hare v. Mayor & City Council,* 200 Md. 477, 485, 90 A. 2d 217, where a continuing non-conforming use was sought in buildings already erected on the property: "The Zoning Ordinance does not prevent the continuance of any non-conforming use existing at the time of the passage of the ordinance in 1931. Non-conforming buildings existing at that time are allowed to stand and non-conforming uses are allowed to continue." Assuming, however, that the evidence established the fact that the land on which the addition sought to be erected had been used in the florist business as a non-conforming use, this non-conformity would not necessarily justify the erection of non-conforming buildings on that land.

In the case of *Colati v. Jirout,* 186 Md. 652, 47 A. 2d 613, the Board of Municipal and Zoning Appeals approved a permit to build for Silvestero Colati a two-story building on a corner lot at 2510 McElderry Street in Baltimore for the purpose of a cafe and lunchroom, after a one-story cafe building and garage, then on the property, had been removed. On appeal to the Baltimore

City Court an order was passed modifying the decision of the Board by restraining the applicant for the permit from erecting any building on the Colati lot from a point at the rear end of the wall of the residence at 2512 McElderry Street to the rear of the lot, to a height greater than the first floor of that residence. From that order Colati appealed to this Court. In sustaining the order of the Baltimore City Court, this Court said: "It is evidence that the spirit of the Baltimore City Zoning Ordinance is against the extension of non-conforming uses. It is generally accepted that a few non-conforming buildings and uses, allowed to continue as exceptions to the regulations in order to avoid injustice, will not be a substantial injury to the community if they are not allowed to multiply where they are harmful or improper; but non-conforming uses should not be perpetuated any longer than necessary, and the Zoning Board should make constant efforts to move them into the use districts where they properly belong. *Bassett* on *Zoning*, 106, 109. * * * Appellant's lot has a frontage of 14 feet, 3 inches, on McElderry Street, and a depth of 70 feet on Rose Street. The brick building now used as a cafe extends back 38 feet, and the garage in the rear has a depth of 32 feet. Thus the two buildings cover the entire area of the lot. The construction for which appellant wants a permit, is not in any sense an alteration. He wants to raze and remove his buildings and build anew on a much larger scale. He desires to transform a cafe or bar occupying slightly more than half the area of his lot to a cafe and lunch room which would have a floor space twice that of the entire area of the lot. It is conceded that the entire property has been used in the cafe business, and that the owner is protected from interference in that use; but, as the Supreme Court of New Jersey explained in *De Vito v. Pearsall*, 115 N. J. L. 323, 180 A. 202, 147 A. L. R. 170, where a factory or other non-conforming use is established on a lot in a residential district, that use should not be enlarged and extended without authority from statute

or ordinance. For, while continuance of the original non-conforming building might be comparatively unobjectionable, a larger building might cause great damage to the district. Moreover, the manner in which the Baltimore City Zoning Ordinance limits the application of the principle of non-conforming use, and the restrictive language with which it authorizes restoration of a building in event of destruction, are strong manifestations of the intention of the Mayor and City Council that the power of the Board of Zoning Appeals to extend non-conforming uses shall be strictly construed. For these reasons we hold that the Board of Zoning Appeals had no authority under the Zoning Ordinance to grant the permit to extend the non-conforming use as requested." We find that this case of *Colati v. Jirout* is directly in point here and that the non-conforming use in this residential district should not be enlarged and extended. While the continuance of the use of the greenhouse and the use of the land in the florist business as a non-conforming use is legal, yet a larger building would be an extension of that non-conforming use and would be contrary to the Baltimore City Zoning Ordinance. See also *City of Baltimore v. Byrd*, 191 Md. 632, 638, 62 A. 2d 588; *Cleland v. Mayor & City Council of Baltimore*, 198 Md. 440, 444, 84 A. 2d 49, 51.

The appellant relies strongly on the case of *Bruning Bros., Inc. v. Mayor & City Council of Baltimore*, 199 Md. 602, 609, 87 A. 2d 589, 592. In that case Bruning Bros. applied for a permit to build an additional two-story building to its present factory to be used as a storage warehouse for paint and other supplies. The present factory was a non-conforming use. This extension of the building constituted a non-conforming use in a residential district. The land on which this addition was sought to be erected had been used for parking, loading and unloading purposes. A loading platform and ramp had been erected thereon. This Court found that the factory and the adjacent land on which the loading platform and ramp had been con-

structed constituted a non-conforming use and that the proposed building "would only be a change in such a use, and not an extension" and held that the permit should have been granted. That case differs from the instant one in the fact that nothing constituting a non-conforming use has been erected on the land here sought for the permit, other than the sign which covers a very small area thereof. The order will be affirmed.

*Order affirmed, with costs.*