## HEATH *v.* MAYOR & CITY COUNCIL OF BALTIMORE ET AL.

[No. 140, October Term, 1947.]

480

*Decided May 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*John F. Heath, pro se.*

*Wilson K. Barnes,* with whom were *Carman, Anderson & Barnes* on the brief, for Scott Investment Company and Walter Scott.

*Thomas N. Biddison, City Solicitor,* and *Max R. Israelson, Assistant City Solicitor,* for Mayor and City Council of Baltimore.

GRASON, J., delivered the opinion of the Court.

On March 30, 1931, the Mayor and City Council of Baltimore City approved Ordinance No. 1247, which is the zoning law for that city. The Scott Investment Company, Inc., owns property known as 5717 Roland Avenue, which is described in an application for a permit to erect a garage to accommodate two automobiles, filed with the Board of Zoning Appeals on March 3, 1947, as follows: A building of brick, fireproof construction, 40 feet front by 50 feet deep, 29 feet high, with two stories, and if used as a dwelling will accommodate three families; but presently used as an "apartment-dwelling". It has garages in the basement, for three cars, and one east of the north porch. It was constructed in 1923. The garage east of the north porch was constructed under a permit approved by the Board December 14, 1943. The lot upon which this building is erected fronts 100 feet on Roland Avenue, with a depth of 425 feet. It is irregular in shape. This property is in a residential use district as defined by the ordinance.

On January 23, 1946, Porter T. Bond, an architect, applied to the Buildings Engineer of the City of Baltimore for a permit to erect a garage for Walter Scott, in the rear of this apartment house, which was refused, and from the refusal an appeal was taken to the Board of Zoning Appeals. The Board approved the application, and an appeal was taken by the appellant to the Baltimore City Court from the ruling of the Board, where it was affirmed; and from the order of that court, affirming the Board of Zoning Appeals, the case was appealed to this court. *Heath v. Mayor and City Council of Baltimore,* 187 Md. 296, 49 A. 2d 799, 804.

In that case we said: "A statutory provision for a public hearing implies both the privilege of introducing evidence and the duty of deciding in accordance with the evidence, and it is arbitrary and unlawful to make an essential finding without supporting evidence." We decided that there was no supporting evidence before the

482

Board to justify its finding, and reversed the lower court and remanded the case.

Upon remand by the lower court to the Board, testimony was taken in the case. Before the hearing there was a second application covering the same use of the same property, filed by Walter Scott on March 3, 1947. This, together with the original application, was considered by the Board upon remand. In our view of the case, the second application is deemed to be unnecessary. The Board granted the permit. An appeal was taken to the Baltimore City Court and that court affirmed the ruling of the Board, and from that ruling an appeal was taken to this court.

We said, on the first appeal:

"Paragraph 8 of the Baltimore City Zoning Ordinance excludes garages from residential use districts, but this general exclusion is qualified by paragraphs 13 and 14, which relate to private garages without repair facilities and without storage or sale of inflammable liquids. Paragraph 13 provides:

'Garages. The use, without repair facilities and without storage or sale of inflammable liquids, of—

'(a) a building, covering not more than 600 square feet of a lot, for housing not more than three automobiles, shall not be excluded by the residential use provisions of this ordinance;

'(b) space, not exceeding 600 square feet in area, for housing not more than three automobiles within a building used as a dwelling, shall not be excluded from residential use districts.' "

And it was there held that " 'a building' and 'space' authorized by paragraph 13" were intended "to be alternatives". The court further said in that case:

"Paragraph 14, on the other hand, gives discretionary power to the Board of Zoning Appeals to make special exceptions. This paragraph provides:

'Garages—Special Exceptions. The Board of Zoning Appeals may, after public notice and hearing, in its discretion, in a specific case, and subject to the provisions,

restrictions, guides and standards set forth in paragraph 32(j), permit in a residential use district,—

'(a) a garage * * * in a rear yard;

'(b) a garage * * * which is not within 75 feet of any street, and which is not in a rear yard;

'(c) a garage * * * on or under the surface of the lot occupied by a building used as a hotel or apartment house;

'(d) a space, to be used as a garage * * * within a building used as a hotel or apartment house.'

"The discretionary power of the Board of Zoning Appeals to allow special exceptions by permission of paragraph 14, if valid, is subject to the limitations imposed by paragraph 32(j), as mentioned in paragraph 14. This amendment was enacted by the Mayor and City Council by Ordinance 449, approved April 23, 1941, to meet the objection of unconstitutionality." See: *Jack Lewis, Inc. v. Baltimore,* 164 Md. 146, 164 A. 220; *Sugar v. North Balto. M. E. Church,* 164 Md. 487, 165 A. 703.

We repeat what was said in the former appeal: "On this appeal there is no need to discuss the constitutional validity of paragraph 14 except to say that an ordinance which delegates a part of the police power to a zoning board may be valid, even though it confers upon the board a certain discretion in the exercise of that power, provided that its discretion is sufficiently limited by rules and standards to protect the people against any arbitrary or unreasonable exercise of power."

For the purposes of this case we shall assume, without deciding that paragraph 14 is constitutionally valid.

The Board of Zoning Appeals, in considering an application for an exception to the general rule, should carefully analyze the evidence before it to determine if the need for the exception is of such urgency that injustice will result if the exception to the rule is not applied. If by applying the general rule a reasonable use of land results, the exception to the rule should not apply. The need to justify the exception must be real and substantial. If an exception to the general rule is permitted for reasons that are not urgent and substantial, but for mere

convenience, then a provision of the ordinance for an exception might cease to be such and, in practice, become the rule. A broad interpretation of an exception could lead to an unequal administration of the ordinance and result in discrimination. For these reasons a provision of the ordinance for an exception to the general rule should be strictly construed.

The record in this case discloses that 5717 Roland Avenue is an apartment house containing three apartments. As originally constructed, there was built in the basement three garages, each to accommodate one automobile. This building was constructed before the present zoning ordinance was approved. Thus, when the ordinance became effective this apartment house had three garages, which was all it was entitled to under paragraph 13(b).

In 1943 the Board of Zoning Appeals granted a permit for the erection of a fourth garage on this property, which has been built, so at the time the permit in this case was applied for, this property already had four garages, or one more than it was entitled to under the general rule. Mr. Scott testified that he wanted the two-car garage, the permit for which he applied in this case, so that there could be allocated for the use of each of the three apartments in this building, facilities for two automobiles. He stated that there were no public garages in the immediate vicinity. This was the evidence upon which the Board granted the permit.

This evidence does not establish an urgent need for a garage. The property already has, as we have pointed out, one more garage than it is entitled to under the general rule. We think the exception contained in paragraph 14 was too broadly applied in this case. It was broadly construed instead of strictly construed. The evidence in this case, therefore, cannot be considered as supporting the action of Board in granting the permit. It establishes a convenience, not an urgent necessity. The action of the Board in granting the permit was arbitrary.

Appellee contends that the appellant, in his petition for appeal, does not allege that he is a taxpayer in the City of Baltimore, and, therefore, he has no right to object to the granting of the application for the permit applied for in this case. The appellant does allege that he resides at 5713 Roland Avenue, in Baltimore City, and is a taxpayer of said city. The record shows that 5713 Roland Avenue is about 100 feet from the apartment house in question. We think this is sufficient to confer a right in the appellant to protest the granting of the permit. Art. 66B, sec. 7, Code 1939; *Mayor and City Council of Baltimore v. Biermann,* 187 Md. 514, 50 A. 2d 804; *Heath v. Mayor and City Council, supra.*

This garage was to be of cinder block construction, 24'4" x 22' and 10' high. It was to be covered by a flat roof of reenforced concrete, 4 inches thick. The only woodwork "is around where we are to put the doors". It is located in close proximity to the apartment house, at the southeast corner thereof. It has a railing around the top, with steps leading thereto, and can be used as a porch. It was built into a bank in the rear of the apartment house. Before the appeal in this case was taken, the attorney then representing appellee, thinking there would be no appeal, advised the appellee to build this garage. On this advice, the appellee erected the garage and it is completed, except for hanging the doors. As this structure can be used for purposes other than a garage, we do not think it should be removed unless appellee desires so to do, but the open space of this structure, where the doors were to be installed, must be closed in such a manner as to prevent the same from being used as a garage. When appellee built this garage, while the appeal in this case was pending, he did so at his peril, notwithstanding he was advised so to do by the attorney who then represented him.

Our conclusion in this case makes it unnecessary to consider the other questions presented in the briefs and at the argument.

*Order reversed, with costs.*