EASTER *v.* MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 176, October Term, 1949.]

*Decided May 12, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*John F. Heath* for the appellant.

*Benjamin Kann* and *Malcolm J. Coan* for the appellees, John P. Easter and Annie C. Easter, his wife.

Submitted on brief by *Thomas N. Biddison, City Solicitor of Baltimore, Edwin Harlan, Deputy City Solicitor,* and *Hamilton O'Dunne, Assistant City Solicitor,* for the appellee, the Mayor and City Council of Baltimore.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Baltimore City Court affirming the action of the Board of Municipal and Zoning appeals in granting a permit for the construction of a one-story and basement addition on the front of a store and dwelling at 6418 Belair Road, owned by John P. Easter. The only protestant, Andrew J. Easter, is a brother of the permittee, residing at 6420 Belair Road, where he conducts a tavern.

As stated by the trial Court, "The property is in a First Commercial Use, C. Area District, and the permit would allow the store front to be brought out to the building line, in contravention of paragraph 24 of the Zoning Ordinance, which requires a 10-foot minimum depth of front yard in the area in question, and of the percentage of occupancy requirements under paragraph 21, bringing the percentage of occupancy to 85% as opposed to 60%, as provided in the Ordinance. The Board of Municipal and Zoning Appeals granted the permit under the provision of Paragraph 33(c) on the ground that '* * * due to its peculiar location and surroundings it is a case of practical difficulty and unnecessary hardship, since the Tavern already obstructs the view of the store where the addition is now proposed'". The court thought there was "evidence sufficient to support the legal definition of a hardship and * * * in fact, it would be a hardship to allow one brother to have a tavern all the way out to the street, and to deny the other brother the right to build his store out to the same line as the tavern."

The Board found that the store was "on the west side of Belair Road, 105 feet south of Easter Terrace. * * *

Adjacent to the premises under appeal is a building containing a tavern which is built out to the front line of the lot. To the north between Easter Avenue and Kenwood Avenue there are several buildings constructed to the front lines of the lot and the proposed addition would not affect access of light and air to any neighboring properties, nor would it even cut off the view up and down the street. The lot in question is of very shallow depth and irregular in shape * * *." The store and tavern were built as semi-detached buildings. In 1935 Andrew J. Easter obtained a permit to build a sort of covered entrance-way out to the build-line. John P. Easter did not object, and there were no protests. In his present application John P. Easter states that since his brother "has built out in front of us it has hid our store making it difficult to rent." There is a small triangular vacant lot to the south of 6418, and a church property adjoining to the south, across an alley laid out but apparently not opened. The church is set back the required distance. Andrew J. Easter has applied for a permit, and obtained the approval of the Board, to develop the land to the north, comprising about six acres, as a shopping center with off-street parking facilities and the required set-back. If this project is carried out, he states that he proposes to remove the entrance in front of his tavern.

We may assume here, as we have assumed in previous cases, that the delegation to the Board of Zoning Appeals of the power to make special exceptions or variances is valid, and that the standards set up in Section 32(j) are adequate. *Colati v. Jirout*, 186 Md. 652, 656, 47 A. 2d 613; *Heath v. Mayor and City Council of Baltimore*, 187 Md. 296, 49 A. 2d 799; *Heath v. Mayor and City Council of Baltimore*, 190 Md. 478, 483, 58 A. 2d 896, 898. The Board must consider the factors set out in that section and "its action must be reasonable in the light of these and all other pertinent facts." *Heath v. Mayor and City Council of Baltimore, supra*, (187 Md. 305, 49 A. 2d 804). The power to grant exceptions

must be strictly construed. *Colati v. Jirout, supra,* 186 Md. page 659, 47 A. 2d 613.

The burden of showing facts to justify an exception or variance rests upon the applicant, and it must be shown that the hardship affects the particular premises and is not common to other property in the neighborhood. Rathkopf, Zoning, (2d Ed.), p. 215; *Levy v. Board of Standards and Appeals,* 267 N. Y 347, 196 N. E. 284. The mere fact that the variance would make the property more profitable is not a sufficient ground to justify a relaxation of setback requirements. *Garden View Homes v. Board of Adjustment,* 137 N. J. L. 44, 57 A. 2d 677.

In the instant case there is no suggestion that the Board failed to "act as a fact finding body" or to "give consideration to the rules, regulations, restrictions, guides and standards set forth" in the Ordinance (paragraph 33(c) ). The question is whether the undisputed facts support the Board's action. The fact that the lot is irregular has no bearing on the question, nor is it material that three buildings, some distance to the north, extend to the building line. These may have been built before the passage of the Ordinance or they may have been built under permit or without permit. As was said in *Potts v. Board of Adjustment,* 133 N. J. L. 230, 43 A. 2d 850, 854: "Prior exceptions granted by the adjustment board are not in themselves controlling. Ill-advised or illegal variances do not furnish grounds for a repetition of the wrong. If that were not so, one variation would sustain if it did not compel others, and thus the general regulation eventually would be nullified. The annulment of zoning is a legislative function that is beyond the domain of the zoning board." See also the cases collected in a note, 168 A. L. R. 13, 41-44. The same principle was announced and applied in *Heath v. Mayor and City Council of Baltimore, supra,* 190 Md. 478, 483-484, 58 A. 2d 896, 898; *Mayor and City Council of Baltimore v. Byrd,* 191 Md. 632, 638, 62 A. 2d 588, 591; and *Cassell v. Mayor and City Council of Baltimore,* 195 Md. 348, 73 A. 2d 486.

The principal fact relied upon to justify an exception to the area and set-back rules, adopted in the general interest under the police power, is the existence of an exception on the adjoining lot. Undoubtedly this is detrimental to the applicant, although his case is somewhat weakened by his tacit acceptance of the situation over a period of years. But we think the detriment to the applicant must be weighed against the benefit to the community in maintaining the general plan. "It is by these gradual encroachments, individually or relative insignificance, that the integrity of the general scheme is undermined and ultimately shattered. One departure serves as jurisdiction for another * * *." *Dubin v. Wich,* 120 N. J. L. 469, 200 A. 751, 754. In the case of nonconforming uses, the ordinance tolerates their continuance, but looks towards their ultimate elimination. *Colati v. Jirout, supra.* The same principle applies to special exceptions. *Heath v. Mayor and City Council of Baltimore, supra,* (190 Md. 478, 58 A. 2d 896). Use variances are doubtless more serious than dimensional changes, but that is only a matter of degree.

In *People ex rel. Fordham Manor Reformed Church v. Walsh,* 244 N. Y. 280, 286, 155 N. E. 575, 577, it was contended that the existence of a garage immediately adjoining the proposed garage was sufficient justification for the grant of an exception on the ground of unnecessary hardship. But the Court, speaking through Chief Judge Cardozo, said: "We think the reasons assigned are insufficient to supply a basis for a departure from the map. They amount to nothing more than this, that a garage may be built because there is another one next door." See also *Ventresca v. Exley,* 358 Pa. 98, 56 A. 2d 210, 212. No estoppel can be raised against the Board by reason of its approval of similar extensions in other cases. *Appeal of Valicenti,* 298 Pa. 276, 148 A. 308; note, 119 A. L. R. 1509, 1517.

Under the circumstances we think the action of the Board cannot be sustained.

*Judgment reversed, with costs.*