PARK SHOPPING CENTER, INC., ET AL. *v.*
LEXINGTON PARK THEATRE
COMPANY, INC., ET AL.

[No. 150, September Term, 1957.]

*Decided April 1, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Arthur L. Rysticken,* with whom was *Joseph D. Weiner* on the brief, for Park Shopping Center, Inc.

*William O. E. Sterling* for St. Mary's County Planning and Zoning Commission.

*William M. Loker, Jr.,* with whom were *Loker, Wigginton & Loker* on the brief, for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for St. Mary's County, Maryland, affirming the action of the Board of Zoning Appeals for St. Mary's County in reversing the decision of the St. Mary's County Planning and Zoning Commission which denied Certificates of Use and Occupancy to the appellees. The action of the Circuit Court resulted in granting to the appellees a variance from the Zoning Ordinance for St. Mary's County.

On March 2, 1955, the Lexington Park Theatre Company, Inc. (the "Theatre Company"), located in Lexington Park, Maryland, applied to the St. Mary's Planning and Zoning Commission for a Use and Occupancy permit for a one story building to contain storage space, a lobby for the adjoining theatre, and one retail store. On April 9th, the Planning and Zoning Commission granted approval of the plans for

the one story building upon condition that the Theatre Company would remove that part of the building which was to extend into the 25-foot rear yard and thus constituted a violation of Section VIII D (5) of the Zoning Ordinance for St. Mary's County (approved August 24, 1945, and corrected, revised and amended February 26, 1952.) On June 30, 1955, the Theatre Company filed a new application requesting authority to add a second floor for use as office space. This application was also approved. The Theatre Company then proceeded with construction of the building and by the summer of 1956 the building was substantially completed.

The completed building was not in compliance with the permits granted by the Planning and Zoning Commission in that it still contained the extension which encroached upon the 25-foot back yard, and the upstairs portion of the building was not used in compliance with the original Use and Occupancy Permit, since, instead of leasing the rooms for use as offices, the Theatre Company had installed kitchens in four of the units and rented them as apartments and also rented the remaining rooms as individual living quarters.

In December of 1956 the Theatre Company filed applications for Use and Occupancy Permits for the first floor as one retail store unit, and the second floor as apartments and living quarters. The Zoning and Planning Commission disapproved this application on the ground that the plans were in violation of the Zoning Ordinances (presumably with reference to the encroachment on the 25-foot back yard, and the use of the upper floor as residences without providing for a 30-foot side or rear yard as required by Section VIII D (3) of the Zoning Ordinance.) From this decision the Theatre Company appealed to the Zoning Board of Appeals for St. Mary's County, claiming, *inter alia,* that the decision of the Planning and Zoning Commission was arbitrary and capricious. After publication of a notice (which did not specifically state that the Theatre Company was asking for a variance) and a hearing, the Zoning Board of Appeals rendered its decision reversing the action of the Planning and Zoning Commission on the ground that there was evidence of so many other violations of the Zoning Ordinance in the

vicinity of the Theatre Company's building that it would be unjust to enforce the ordinance against the Theatre Company alone. The Board of Zoning Appeals stated in its opinion that "Violations apparent from existing uses of the property in respect of the required space for loading and unloading of goods and materials appear frequent and to have been passed by the Zoning Commission and the usual Certificate[s] of Use and Occupancy were issued to the buildings notwithstanding such violations * * *."

The Board of Zoning Appeals also found as a fact that the Theatre Company had knowingly violated the Zoning Ordinance when it built the extension into the 25-foot rear yard and used the upper floor for residential purposes and said that, "if it were not for the existence of what appears to have been almost a customary thing for minor violations to be overlooked or condoned by the Zoning Commission we would not say that the Appellants [appellees here] were in the best position to ask that a variance be condoned in the present instance." The Board found it difficult to decide what category, as defined by the Zoning Ordinance, Section II, the second floor residences fitted into and apparently did not reach a conclusion on that question, but held they were not multiple dwellings.

The appellants, Park Shopping Center, Inc., and the County Planning and Zoning Commission, appealed from this decision to the Circuit Court for St. Mary's County, and the cases were consolidated for hearing (as they are here). After a full hearing the Circuit Court ruled that there was sufficient evidence before the Zoning Board of Appeals to grant the variance for the first floor of the building. It also found that the second floor of the building constituted a "multiple dwelling" as defined by Section II of the Zoning Ordinance for St. Mary's County, and that although the Zoning Board of Appeals had not specifically granted a variance for this second story, it could have determined from the evidence before it that no appreciable mischief would be done to the surrounding area or to the public interest by granting a variance for the second story. Thereupon the Court affirmed the decision of the Zoning Board of Appeals.

The appellants make three contentions: first, that the decision of the Zoning Board was arbitrary and capricious because there was no showing of any such unwarranted hardship as would be necessary to justify a variance; second, that the Circuit Court could not properly grant a variance for the use of the second floor as a multiple dwelling when the Zoning Board of Appeals itself did not decide that this was a multiple dwelling unit and therefore granted no variance; and third, that the notice of hearing published by the Zoning Board of Appeals was not legally sufficient since it did not state that the matter of a variance was in issue.

With respect to the appellants' first contention, it is evident from both the opinion of the Board of Zoning Appeals and the opinion of the Circuit Court that the Board used the existence of other violations or variances in the immediate area tolerated or granted by the Planning and Zoning Commission to justify the issuance of the Certificates of Use and Occupancy here in question.

This Court has held that it is not proper to consider the existence of surrounding ill-advised or illegal variances as grounds for granting additional variances. As stated in *Easter v. Mayor and City Council of Baltimore,* 195 Md. 395, 400, 73 A. 2d 491, "Prior exceptions granted by the adjustment board are not in themselves controlling. Ill-advised or illegal variances do not furnish grounds for a repetition of the wrong. If that were not so, one variation would sustain if it did not compel others, and thus the general regulation eventually would be nullified." In *Marino v. City of Baltimore,* 215 Md. 206, 220, 137 A. 2d 198, Judge Horney stated for the Court: "Certainly a prior exception granted by the Board does not control the granting of a subsequent exception."

The authority under which the Board of Zoning Appeals can grant a variance is found in Section XVIII (3) of the Zoning Ordinance for St. Mary's County which states that the Board shall have power "[t]o authorize upon appeal in specific cases such variance from the terms of the ordinances as will not be contrary to the public interest, where, owing to special conditions, the enforcement of the provisions of

this ordinance will result in *unwarranted hardship and injustice,* but which will most nearly accomplish the purpose and intent of the Zoning Plan and of the Zoning Regulations." (Emphasis supplied.) It is in language typical of a variance as distinguished from an exception. *Montgomery County v. Merlands Club,* 202 Md. 279, 288, 96 A. 2d 261. Cf. *Marino v. City of Baltimore, supra,* which points out that under the Baltimore City Ordinance an "exception" perhaps overlaps a "variance" in cases of "practical difficulties or unnecessary hardships" and the two are accordingly discussed without distinction in many cases arising under that Ordinance. (215 Md. 216.) The section before us is an almost verbatim copy of the enabling act, Section 22 G (3), Article 66B of the Maryland Code (1957 Ed.).

This Court has had many occasions to pass upon the question of what constitutes such a hardship and injustice as to sustain the granting of a variance. It has most recently done so in Judge Horney's clear and exhaustive opinion in *Marino v. City of Baltimore, supra.* No useful purpose would be served by repeating here what was well said there beyond quoting the test of hardship therein stated (215 Md. 217): "The criterion for determining unnecessary hardship is whether the applicable zoning restriction when applied to the property in the setting of its environment is so unreasonable as to constitute an arbitrary and capricious interference with the basic right of private ownership. [Citing *Carney v. City of Baltimore* (1952), 201 Md. 130, 137, 93 A. 2d 74, 76-77.]"

The Theatre Company has not made any showing of hardship such as to justify the granting of a variance. We find no substantial evidence in the record to support a finding that use in conformity with the Zoning restrictions would prevent the appellees from making a reasonable use of the property as to either the first or second floor. On the contrary, the testimony establishes the fact that when the St. Mary's County Planning and Zoning Commission approved the first application for a Certificate of Use and Occupancy for the first floor of the building to be used as a retail store, lobby space for the theatre, and storage, the Theatre Company had

agreed to remove the obstruction in the rear yard shown on the building plans. It is difficult to believe that it would have so readily acquiesced in this removal if it had felt that it would prevent a reasonable use of its property. The chief, if not the only, stated ground for the Theatre Company's objection to removing that structure is that it "was unfair to have to, the other stores had not but I said I would move it." (Testimony of Mr. Dean, described as "one of the owners of the building under consideration," before the Zoning Board of Appeals.) There is no showing, so far as we can discover, as to either the cost or difficulty of removing the 25-foot extension and transferring the equipment therein to the main building.

As to the second floor, the evidence of hardship is perhaps even less. When asked by a member of the Board of Zoning Appeals whether the upstairs had been used, Mr. Dean replied: "To some extent for rooms instead of offices. If the business for rooms drops off, we can use them for offices."

In view of the absence of evidence of any hardship or injustice, we are of the opinion that the Zoning Board of Appeals' action was unwarranted and erroneous.

Our decision on this ground makes it unnecessary to consider the other questions raised by the appellants.

> *Order reversed and case remanded for the entry of an order in accordance with this opinion; costs to be paid by appellees.*