## LIPSITZ v. MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 222, September Term, 1958.]

*Decided April 17, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*R. Lewis Bainder* for the appellant.

*James S. Sfekas, Assistant City Solicitor of Baltimore,* with whom were *Hugo A. Ricciuti, City Solicitor,* and *F.*

*Clifford Hane, Deputy City Solicitor,* on the brief, for the appellee.

PER CURIAM.

Bessie Lipsitz, the owner of the property at 2032 East Baltimore Street, applied to the Board of Municipal and Zoning Appeals for permission to continue a claimed non-conforming use of the premises to house five families. The board disapproved the application and the owner appealed to the Baltimore City Court. When that court affirmed the board, the owner appealed to this Court.

The owner, claiming that the weight of the evidence showed that the premises, which had facilities for five housekeeping units, was occupied by five families on March 30, 1931 [the date fixed in § 13(f) of the zoning ordinance], and that such non-conforming use had continued uninterruptedly to the date of the application, contends that the decisions of the board and the lower court were arbitrary and capricious.

There was testimony by one witness that five families had always been housed on the premises since 1927 or 1928. There was also testimony by the owner and other witnesses that five families had occupied the property as early as 1925 and for at least nine or ten years thereafter and that there had been no change in the five-family-occupancy during the four or five years preceding the filing of the application. On the other hand there was documentary evidence in the form of a summary of the "police report", on file in the office of the zoning enforcement officer, to the effect that "[t]he 1931 police survey indicates use by two families," of which the owner had been sent a copy prior to the hearing before the board, together with notice that the summary would be offered in evidence at the hearing. When offered, the summary was not challenged nor was any testimony introduced to refute the fact that it accurately reflected the contents of the original police report. Since the summary was introduced without objection, it became a part of the evidence the board had a right to consider in arriving at its decision. See *Aaron v. City of Baltimore,* 207 Md. 401, 114 A. 2d 639 (1955). Cf. *Tem-*

*mink v. Board of Zoning Appeals,* 205 Md. 489, 109 A. 2d 85 (1954), in which the report of the planning commission, relied on by the board to decide that case, had been prepared and submitted *after* the case had been heard. There was also evidence in the present case that a fire escape permit issued in 1957 was based on a use by three families.

The board in the instant case found that the evidence was not sufficient to show that the property had been occupied by five families on the critical date. We think there was substantial evidence to support that finding. *Aaron v. City of Baltimore, supra.* The order of the trial court will therefore be affirmed.

*Order affirmed, the appellant to pay the costs.*