## LAPIDUS v. MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 178, September Term, 1959.]

*Decided April 13, 1960.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Eugene Hettleman,* for appellant.

*John A. Dewicki, Assistant City Solicitor,* with whom were *Harrison L. Winter, City Solicitor,* and *Ambrose T. Hartman, Deputy City Solicitor,* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

When the Baltimore City Court affirmed a decision of the Board of Municipal and Zoning Appeals (Board), which denied the appellant's application to continue the housing of four families in property known as 227 S. Sharp Street in Baltimore City, the appellant appealed.

The question involved is a narrow one, and not difficult of solution. It is simply whether the action of the Board in denying the application was arbitrary and capricious, and the answer depends solely upon whether the property was utilized to house four families on March 30, 1931, (the original date of the Baltimore City Zoning Ordinance); because admittedly the housing of four families in this property is a violation of the present zoning law unless a nonconforming use in 1931 was established by the petitioner.

He purchased the property in 1936. His son testified at the hearing before the Board that his father had owned the property continuously since its purchase, and there were four apartments upstairs ever since the date of purchase in 1936. The only other evidence offered by the petitioner was the testimony of one Willie Wilson, who stated that he lived within a block of the property for thirty years; that he was familiar with the property in 1928 and he knew, by *talking* to the people, that four families lived in the property at that time. However, he admitted that he was never in the building (until just before the hearing), and he made no attempt to describe its occupancy specifically as of 1931. Nothing further was offered by the petitioner as to the density of occupancy between 1928 and 1936.

At the hearing before the Board, there was a letter from the Zoning Enforcement Officer that stated, *inter alia,* that an application had been filed with "this bureau" in 1952, signed illegibly, which stated the property was used for two families and a vacant store. Also before the Board was the Police Survey of 1931, which the appellant concedes was proper to be considered by it. According to this Survey, the property in question consisted of two and not four dwelling units on the crucial date.

The Board, in its resolution that denied the application, re-

ferred to the part of the letter from the Zoning Enforcement Officer which we have mentioned above as "Records of the Building Engineer's Office,"[1] and the appellant strongly objects to this reference. He contends that no such evidence from the Building Engineer's Office was presented at the hearing, nor was the letter ever introduced at the hearing before the Board. For the purposes of this decision, we shall assume, without deciding, that the letter was not properly before the Board. Even with its exclusion, the evidence before the Board was ample to support its action in denying the application, as is ably pointed out by Judge Oppenheimer.

In the presentation of his case before the Board, the appellant had the burden of proving that the nonconforming use which he asserted existed on March 30, 1931. 2 Rathkoff, *The Law of Zoning and Planning*, Ch. 61, Section 2, and cases there cited. Cf. *Easter v. Mayor, etc., of City of Baltimore*, 195 Md. 395, 400, 73 A. 2d 491; *City of Baltimore v. Weinberg*, 204 Md. 257, 103 A. 2d 567. The evidence offered by the petitioner attempting to establish the nonconforming use as of March 30, 1931, was so scanty that possibly the Board would have been warranted in denying the application on the ground that the petitioner had failed to meet the burden of proof.

However, in addition to what we have said above, there was in evidence before the Board the Police Survey of 1931, which concededly it was proper for the Board to consider. In *Lipsitz v. Mayor, etc., of Baltimore*, 219 Md. 605, 606, 105 A. 2d 259, we sustained the action of the Board in denying an application for a continuance of a claimed nonconforming use of premises to house five families upon the strength of the Police Survey of 1931, which contradicted evidence that was much stronger than that offered in the case at bar. See also, *Aaron v. City of Baltimore*, 207 Md. 401, 114 A. 2d 639. We think there was substantial evidence to sustain the resolution of the Board.

---

1. The letter from the Zoning Enforcement Officer was, in reality, simply a summary of the record of the Bureau of Building Inspection.

Finding no error in the order appealed from, it will be affirmed with costs.

*Order affirmed, with costs.*