Argued October 7, 1974, affirmed January 16, 1975

YUNKER ET UX, *Respondents, v.*
MEANS ET AL, *Appellants.*

530 P2d 846

*Gerald R. Pullen,* Portland, argued the cause for appellants. With him on the brief were James E. Redman and Redman & Carskadon, Milwaukie.

*Francis F. Yunker,* Portland, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, SLOPER and LEAVY, Justices.

HOLMAN, J.

Plaintiffs and defendants were adjacent property owners with abutting back yards. Plaintiffs brought this suit under ORS 215.185[1] to compel defendants to remove a second story deck at the back of defendants' house. Plaintiffs alleged that the deck violated the setback line requirements imposed by the county's zoning ordinances. Defendants appeal from a decree for plaintiffs.

The county's ordinances required a minimum rear yard setback of 20 feet except for "detached" acces-

[1] ORS 215.185. "Remedies for unlawful structures or land use. In case a building or other structure is, or is proposed to be, located, constructed, maintained, repaired, altered, or used, or any land is, or is proposed to be, used, in violation of an ordinance or regulation authorized by ORS 215.010 to 215.190 and 215.402 to 215.422, the governing body or district attorney of the county or a person whose interest in real property in the county is or may be affected by the violation, may, in addition to other remedies provided by law, institute injunction, mandamus, abatement, or other appropriate proceedings to prevent, temporarily or permanently enjoin, abate, or remove the unlawful location, construction, maintenance, repair, alteration, or use. * * *."

sory buildings, in which case only a 2½ foot setback was required. An accessory building was defined as "a subordinate building * * *, the use of which is clearly incidental to that of the main building * * * on the same lot."

The house proper was set back from the rear property line 21½ feet and constructed with sliding glass doors opening to the rear on the second story level. Thereafter, there was built on that level a deck which ran 12½ feet along the back side of the house and extended to the rear 10 feet plus the width of a flight of stairs. Originally the side of the deck adjacent the house rested on heavy timbers attached to the back side of the house. After plaintiffs complained, those timbers were removed and the deck was then supported by a post at each corner, but the deck continued to be up against and to touch the house. There was testimony that the deck was used for sitting, eating, sleeping, and such other activities to which a deck is usually devoted.

■ Defendants first contend that plaintiffs have not been "affected" in any way and therefore have no right to sue. The obvious purpose of the setback line requirement is to give a sense of privacy and space to the entire neighborhood, and plaintiffs, as adjacent owners, are necessarily affected by defendants' failure to comply. The right of an adjoining landowner to bring a suit to enjoin the violation of a zoning ordinance was affirmed in *Franklin v. City of Lake Oswego,* 267 Or 452, 517 P2d 1042 (1973).

■■ Defendants also contend the trial court erred because the deck is a detached accessory building as contemplated by the zoning ordinances and thus is not

subject to the 20 foot setback requirement. It is our opinion that the deck is not a detached accessory structure as contemplated by the ordinances. The apparent detaching of the deck was merely a subterfuge and did not comply with the spirit of the ordinances. The deck was and remained an integral part of the house. An accessory building is a subordinate building incidental to the use of the main building. If it is an integral part of the main building, it cannot be accessory. *Carney v. City of Baltimore,* 201 Md 130, 93 A2d 74 (1952). A garage or carport attached to the house has been held to be part of the house and not an accessory building. *Misuk v. Zoning Board of Appeal,* 138 Conn 477, 86 A2d 180 (1952); *City of Cleveland v. Young,* 236 Miss 632, 111 So 2d 29 (1959).

■ Defendants point out that the deck was approved as a detached accessory structure by the county's zoning authorities and that the court should be hesitant about overruling the judgment of county authorities concerning such kinds of decisions. In questionable or close cases which are the subject of expertise defendants are correct; however, this case is one of clear violation, and zoning authorities cannot make black into white.

The decree of the trial court is affirmed.