WESTMINSTER PRESBYTERIAN
CHURCH et al., Petitioners
below, Appellants,

v.

William G. TURNER et al., Respondents below, Appellees.

Supreme Court of Delaware.

Argued June 9, 1975.

Decided July 25, 1975.

S. Bernard Ableman and James S. Green, Connolly, Bove & Lodge, Wilmington, for petitioners below, appellants.

John R. Sheridan, Asst. City Sol., Wilmington, for respondents below, appellees.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

On application of the owner (petitioner) of the property located at 1502 Pennsyl-vania Avenue, the Wilmington Board of Adjustment authorized the operation thereon of a business described as "hairstyling" or "haircutting." The property is located in a zoning area designated as "R–5–B," a classification which permits medium density residences but not commercial use (with some exceptions not pertinent here). Neighborhood objectors proceeded by certiorari to the Superior Court which affirmed the Board's decision. This appeal followed.

I

The Revised Building Zone Ordinance of the City of Wilmington provides:

"134.2. The Board of Adjustment may after public hearing, following public notice and notification to property owners affected, grant special exceptions . . . where in the judgment of the Board such special exceptions shall be in harmony with the general purpose and intent of the zoning ordinance and maps and will not tend to affect adversely the use of neighboring property in accordance with said zoning ordinance and maps, subject in each case to the special conditions specified in said Articles, as follows:

.     .     .     .     .     .

Customary home     R–2, R–3, R–4
    occupation         R–5–A, R–5–B,
                       R–5–C      032.44

032.4. UNDER BOARD OF ADJUSTMENT APPROVAL.

The following uses are permitted if approved by the Board of Adjustment as provided in Section 134, subject to the conditions specified below in each case.

032.44. Customary home occupation, such as millinery or dressmaking, provided that:

(a) It shall be conducted in the principal dwelling by an owner occupant with the assistance of not more than one employee;

"(b) There shall be no external evidence of such occupation, but there may be an interior window sign not more than forty-eight (48) square inches in area;

(c) There shall be no storage of a stock in trade or the sale of commodities on the premises; and

(d) Such use will not create objectionable noise, odors or refuse."

## II

 The rationale of the Superior Court was that the four provisions specified in Section 032.44 had been met and approval therefore was appropriate. We think, however, that the "provisos" state conditions which must be met after the Board has determined to permit a specified use. In brief, the provisions are not the test for approval by the Board. On the contrary, the standard for approval is clearly stated to be that which is a "customary home occupation" and when that standard has been satisfied, the Board may then permit a specific use on condition that the requirements as to occupancy, signs, storage and the like, are met.

Here, the Board failed to make the requisite factual finding and, in our judgment, the mistake was fatal.

The Ordinance permits the Board to grant an exception under which an "occupation" may be followed in a residential district provided that it is a "customary home occupation." "Millinery" and "dressmaking" are by express language determined to meet that test, that is, they are deemed to be occupations customarily followed in the home and are illustrative of the kind of occupation permitted. Thus,

---

* Relying on such cases as *Boreth v. Philadelphia Zoning Board of Adjustment*, 396 Pa. 82, 151 A.2d 474 (1959), the objectors urge that the Court should determine as a matter of law that hairstyling is not an occupation customarily performed at home. We

when the Board considered the petition, the first and threshold question was whether "hairstyling" or "haircutting" is an occupation customarily followed in the home. "Occupation" in the context of the Ordinance does not refer to activities pursued at home on a family or personal basis; it means, rather, a commercial activity or a business operation.

The Board received no more than a scintilla of evidence showing that the styling or cutting of hair is an occupation customarily pursued at "home." It follows that its decision was without a sufficient evidentiary foundation and the judgment must therefore be reversed.* *Sullivan v. Marta*, Del.Supr., 256 A.2d 736 (1969); *Mavrantonis v. Board of Adjustment*, Del. Super., 258 A.2d 908 (1968).

think, however, that in the context of the Ordinance the question is factual before it is legal. Thus, in a specific community a given activity may be a customary home occupation while in other communities it may not be.