Argued September 13, reversed and remanded November 1, petition for
rehearing denied December 13, 1977

RUHNKE, *Appellant/Cross-Respondent,*

*v.*

CANTRELL, *Respondent/Cross-Appellant.*

(No. 92804, SC 24768)

570 P2d 652

[ 297 ]

Michael J. Gentry, of Tooze, Kerr, Peterson, Marshall & Shenker, Portland, argued the cause and filed briefs for appellant/cross-respondent.

Raymond R. Bagley, Jr., of Jack, Goodwin & Urbigkeit, Oregon City, argued the cause and filed a brief for respondent/cross-appellant.

Before Denecke, Chief Justice, Bryson and Linde, Justices and Gillette, Justice Pro Tempore.

GILLETTE, J., Pro Tempore.

**GILLETTE,** Justice Pro Tempore.

Plaintiff appeals from a decree of the circuit court denying her request to enjoin defendant from operating a business in an area zoned for residential use.

Plaintiff is an owner of residential property on Mapleton Drive in the city of West Linn. Defendant owns property approximately seven blocks further up Mapleton Drive where he lives and conducts an excavation business. Both properties are within an area zoned for residential use (R-10).

Plaintiff contends that defendant's operation of his business at his home violates the zoning ordinance. Defendant claims that his business constitutes a "home occupation" and is thus a permitted accessory use under the applicable zoning ordinance.

At the time defendant moved into the area in 1964, the property was zoned for residential use under the Clackamas County Zoning Ordinance. The area was later annexed by the City of West Linn, and the property fell under the provisions of the West Linn Zoning Ordinance, which continuued the existing R-10 zone. The parties agree that defendant's use of his property is valid under the West Linn Ordinance if his use of the property was permitted under the provisions of the Clackamas County Zoning Ordinance in effect at the time of annexation.

In addition to single-family dwelling units, section 4.23 of the Clackamas County Zoning Ordinance permits specified accessory uses in an R-10 zone. Accessory use is defined in section 3.2.[1] One of the permitted accessory uses under section 4.23 is a "home occupation," defined in section 3.2 as:

"* * * [A]n occupation, profession, or craft, which is customarily incidental to or carried on in a dwelling

---
[1] "3.2 *Definitions.*

"Accessory Building or Use. A subordinate building or use, the use of which is clearly incidental to that of the main building or use on the same lot."

place or premises and not one in which the use of the premises as a dwelling place is largely incidental to the occupation carried on, and which occupation is carried on by an immediate member of the family residing within the dwelling place, provided, however, there shall be no structural alteration or changes in the dwelling, or on the premises which can be seen from the exterior of the dwelling, and any instruction shall be limited to one pupil at a time. Noise, odor, smoke, gases, fallout, vibration, heat or glare resulting from the use shall not be of the intensity as to be detected outside of containing structure."

Defendant does not claim exemption under any other accessory use. The question is therefore whether defendant's excavating business constitutes a "home occupation."

The facts are, in the main, undisputed.

Defendant and his two sons operate a family excavation business from his home on Mapleton Drive, using the same address and phone number for both business and private purposes.

Defendant stores his excavating equipment behind his home. His business is predominantly made up of one-day projects, so he generally takes his equipment from his home to the job site and back on a daily basis. The equipment consists of three large pieces of excavating equipment (a bulldozer, loader machine and backhoe), each weighing approximately 5,000 pounds, a dump truck, a flatbed to haul the equipment, and three pickup trucks. Little or no repair work is done on the equipment at defendant's home, except for changing the oil. When parked behind defendant's home, the machinery is not visible from the road.

■ Occupations permitted by the accessory-use exception to the single-family residential scheme are those businesses which have been traditionally conducted at home, such as dressmaking, music lessons,

and tutoring.[2] The activity in question here cannot be such a "home occupation." Excavating is not a business such as dressmaking, tutoring or the like, "customarily * * * carried on in a dwelling place." The essence of an excavating business is excavating, an activity which occurs away from defendant's residence. Neither, as defendant is presently conducting it, is his business an occupation "customarily incidental to * * * a dwelling place." Home occupations are businesses which, by their nature, are unlikely to interfere with the generally tranquil neighborhood which R-10 (single family residence) zoning is intended to foster.

■ Plaintiff's house is on a steep incline on Mapleton Drive. Defendant's heavy equipment is quite noisy as it negotiates the incline. Dust and gravel are thrown on plaintiff's property. Thus, defendant's business use of his property causes "noise * * * smoke * * * fallout, [and] vibration" of such an intensity as to be detected outside of his own premises in violation of the ordinance.

■ There is an unlawful interference with plaintiff's use and enjoyment of her property. She is entitled to an injunction. *See Yunker v. Means,* 271 Or 56, 530 P2d 846 (1975); *Frankland v. City of Lake Oswego,* 267 Or 452, 517 P2d 1042 (1973).

By his cross appeal, defendant assigns as error the trial court's refusal to permit defendant to offer testimony to the effect that it is customary, in operating a small excavation business, to store excavating equipment at the owner's home.

---

[2] For occupations held not to be permissible "home occupations" under similar ordinances, *see, e.g., Westminister Presbyterian Church v. Turner,* 343 A2d 604 (Del 1975) (hairstyling); *Town of Kittery v. Hoyt,* 291 A2d 512 (Me 1972) (lobster business); *Maurer v. Snyder,* 199 Md 551, 87 A2d 612 (1952) (commercial transportation of fishing parties and selling seafood and bait); *Muskegon Heights v. Wilson,* 363 Mich 263, 109 NW2d 768 (1961) (commercial radio station); *Hancock v. Concord,* 111 NH 413, 285 A2d 791 (1971) (real estate office); *Carbonara v. Sacca,* 45 App Div2d 1006, 358 NYS2d 82 (1974) (child day-care center); *Szmigiel v. Kranker,* 6 Pa Commw Ct 632, 298 A2d 629 (1972) (part-time printing office); *see, generally,* Annot, 73 ALR2d 439 (1960).

[ 301 ]

■  The testimony was properly excluded. In the context of sections 3.2 and 4.23 of the Clackamas County Ordinance, whether an occupation is "customarily incidental to or carried on in" a dwelling is one of law, not fact. *See Boreth v. Philadelphia Zoning Bd of Adjustment,* 396 Pa 82, 151 A2d 474 (1959); *cf Westminister Presbyterian Church v. Turner,* 343 A2d 604 (Del 1975).

Even if the question were one of fact, defendant's offer of proof is unpersuasive. It was offered to show that other small excavators operate their businesses from their homes. This may be, but the evidence here shows an intensity of operation which places defendant's business, as he is presently conducting it, outside the spirit, as well as the letter, of the ordinance.

Normally, since we review this matter *de novo,* we would fashion a decree and terminate the litigation. However, the precise form of an injunction here will be influenced by considerations of timing and reasonableness. At the least, defendant will require a reasonable period of time in which to find an alternative location for his equipment. The continued use of the premises to receive business telephone calls and as a parking place for the pickup trucks may be reasonable. A decision as to what is reasonable depends upon facts not presently in the record. Accordingly, the case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.