Hillsborough
No. 80-225

TOWN OF MILFORD

v.

LOUIS BOTTAZZI

August 5, 1981

*Patrick J. Enright,* of Milford, by brief and orally, for the plaintiff.

*Robert H. Rowe,* of Milford, by brief and orally, for the defendant.

PER CURIAM. The defendant appeals from an order of the Superior Court (*Flynn,* J.) enjoining the continued operation of his part-time automobile and truck repair business at his residence. The defendant's home is located in the town's Residence A District, which permits "single and two family residences, their accessory buildings and home occupations and professional use provided the outward appearance of the dwelling remains residential in nature." MILFORD, N.H., ZONING ORDINANCE art. II (1974). The defendant contends that his part-time business is a "home occupation" and therefore a permitted use within the district. We reject this contention and affirm.

The zoning ordinance in effect in 1974 and 1975 contained no definition of the term "home occupation," whereas the 1976 version of the ordinance defined the term as "[a]ny use conducted entirely within a dwelling or an accessory building which is clearly incidental and secondary to the use of the dwelling for dwelling purposes and does not change the character thereof, and in connection with which there is no outside display or storage, nor emission of dust, noise, fumes, vibration or smoke beyond the lot line." MILFORD, N.H., ZONING ORDINANCE art. I § 1-6 (1976). The defendant contends that he began operating his business prior to the 1976 amendment and that we must therefore determine his rights according to the 1974 version. It is unclear from the record whether this is so, but, for purposes of this appeal, we accept the defendant's assertion and apply the 1974 version of the zoning ordinance.

The defendant contends that a "home occupation" is by definition an "income producing activity carried on in the home," and that his part-time automobile and truck repair business is therefore permissible as a home occupation. This interpretation is too broad and would enable the home occupations exception to swallow the rule preserving the residential character of the Residence A

District, the highest residential zone in Milford. *See Hackett v. Gale,* 104 N.H. 90, 93, 179 A.2d 451, 453 (1962).

■ The defendant's interpretation overlooks the fact that "home occupation" is a term widely used in zoning ordinances throughout the country. *See* 2 R. ANDERSON, AMERICAN LAW OF ZONING § 13.02 (2d ed. 1976). Although the definitions of the term vary from one ordinance to another, they all have as a common purpose the allowance of only those businesses that do not adversely affect or undermine the residential character of the neighborhood. *Id.* Consequently, "[a] home occupation will be permitted in a residential district only if it is customarily incidental to the use of the premises as a dwelling, and . . . is subordinate to the residential use of the property." *Id.* at 512. Uses which are not traditionally conducted at the home of the proprietor generally do not fall within the category of home occupations. *Id.; see Town of Kittery v. Hoyt,* 291 A.2d 512, 514 (Me. 1972).

■ ■ Examples of the kinds of uses generally accepted as home occupations include such activities as dressmaking, hairdressing and tutoring. *See Liolis v. Franklin Zoning Board,* 118 N.H. 928, 929, 395 A.2d 1255, 1256 (1978); *Hancock v. Concord,* 111 N.H. 413, 414, 285 A.2d 791, 792 (1971); *Ruhnke v. Cantrell,* 280 Or. 297, 300–01, 570 P.2d 652, 654 (1977). The operation of a public garage, however, has been held not to be a home occupation. *See Perez v. Boro of Kennett Sq.,* 18 Pa. Commw. Ct. 425, 427, 336 A.2d 437, 438 (1975); *Piper v. Moore,* 163 Kan. 565, 574, 183 P.2d 965, 972 (1947); 2 R. ANDERSON, AMERICAN LAW OF ZONING § 13.02. Accordingly, we agree with the court below that the defendant's activities did not constitute a home occupation.

■ ■ The defendant argues that the absence of a definition of examples of a home occupation in the ordinance renders the term vague and that his use of the premises for an automobile and truck repair business should therefore be permitted. We reject this argument. Although the ordinance is not a model of clarity, and we cannot determine with precision what uses fall within the meaning of the term "home occupation," it is clear that the operation of an automobile and truck repair shop is not a home occupation. An automobile and truck repair shop, unlike dressmaking or the practice of the learned professions, is not "customarily" conducted from a home and changes the character of the neighborhood.

■ Finally, the defendant argues that the plaintiff violated his civil rights by seeking to enjoin the operation of his automotive repair business from his home. The essence of the defendant's position is that the plaintiff violated his right to conduct a home occupation while allowing others to conduct businesses from their homes within the district. This argument fails for two reasons. First, we have already ruled that the defendant's use of his property was not a "home occupation," and he therefore had no right to operate his business within the district. Second, we have previously held that the existence of other violations within a zone does not excuse a violation which the town seeks to enjoin. *See Becker v. Town of Hampton Falls*, 117 N.H. 437, 441, 374 A.2d 653, 655 (1977); *Hancock v. Concord*, 111 N.H. at 414, 285 A.2d at 792. Furthermore, the court specifically found that the plaintiff had acted in good faith in seeking to enforce the zoning ordinance and that the defendant had failed to prove the existence of other violations of the ordinance.

The order of the court enjoining the operation of an automobile and truck repair business from the defendant's home is affirmed.

*Affirmed.*

DOUGLAS and BATCHELDER, JJ., did not sit.